> In proceedings for the probate of a will, contested by an infant, an open commission had been granted on the application of proponent to take testimony of foreign witnesses, and a special guardian of the infant applied for an allowance from the estate to defray his expenses in attending the execution of the commission or for the employment of counsel. *Held*, that the court, being without power to order the allowances, would vacate the order for an open commission and provide for a commission on written interrogatories.

In the matter of the estate of Edward W. Sentell. On application for permission to take testimony. Granted.

Edward H. Miller, for proponent.
Bernard J. McCleary, special guardian.

CHURCH, S. The question presented by this application is somewhat novel, and arises by reason of the unusual facts of the case. The family of the deceased were killed in a railroad accident in England, and the deceased sustained injuries from which he expired in a few days in a public hospital there. During the interval between his injury and his death he made his will, in which he gave all his property to his sister-in-law. Upon this will being offered for probate, a contest is set up by the half-brother, and the special guardian appointed for an infant nephew also files objections to its admission. Application having been made to the court for an open commission to take testimony on this subject in England, the special guardian now asks the court for instructions as to what are his duties in the matter, and, if it is deemed proper that he should go to England to take part in the hearings on this commission, that a suitable allowance be made to him for his necessary expenses in so doing. The proponent objects to any expenditures being made out of the estate for any such purpose, contending that there is no power in the court to allow them.

There is no specific provision of the Code covering this situation, nor does there seem to have arisen any case in which a similar question was presented for decision. Notwithstanding this, however, there can be no doubt of the advisability of the court having the power to do what is reasonable and proper under such circumstances as exist there. Under the general theory of the law the court is expected to

safeguard and protect the interests of infant litigants. To this end a special guardian is appointed to examine into the matter and to take such proceedings as may be necessary to preserve the infant's rights. That being so, it is perfectly manifest that, in such a case as this, in order to properly exercise the court's function of protecting the infant's rights, the special guardian should appear before this commission or be represented by foreign counsel. It goes without saying, of course, that either of these proceedings involves the expenditure of a substantial sum of money. If the court has not the power to make any allowance to the guardian to reimburse him for the expenses to which he is put, the theory of the law that the court has power to look after the interests of the infant is nullified, and the appointment of a special guardian is made a farce.

Appreciating this fact, and with a natural desire to reduce as much as possible any contest that may be made to this will, the proponent strenuously opposes the allowance sought by the special guardian, and cites several cases in which such limitations have been made. While these cases are not directly applicable, as the circumstances differ from this case, yet they clearly indicate what has already been shown, the lack of power in the court to make a general allowance to the guardian for special expenditures which are absolutely necessary to protect properly the interests of his ward. As it is apparent, therefore, that the proponent is endeavoring to thwart the proper discharge of the guardian's duties, the order for the allowance of an open commission will be vacated, and a closed commission will be issued, in which the special guardian will have full power to join without incurring the expenses of an open commission.

Let an order disposing of this question in accordance with this opinion be presented upon due notice to all the parties.

Decreed accordingly.