O'ROURKE v. DEGNON REALTY & TERMINAL IMPROVEMENT CO.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

Costs (§ 185*)—Witness Fees—Mileage.

    Under Code Civ. Proc. § 3318, providing that a witness in an action is entitled, except where another fee is prescribed by law, to 50 cents for each day's attendance, and, where he resides more than three miles from the place of attendance, to 8 cents for each mile going to the place of attendance, the successful party, in taxing costs, is entitled to tax mileage of witnesses for but one day's attendance, in the absence of any fact showing that the witnesses were obliged to incur additional mileage.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 739–743; Dec. Dig. § 185.*]

Appeal from Special Term, Queens County.

Action by Elizabeth O'Rourke, administratrix of Peter F. O'Rourke, against the Degnon Realty & Terminal Improvement Company. From an order granting a motion by plaintiff to retax her bill of costs, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Louis Cohn, for appellant.
Joseph P. Reilly and John J. Curtin, for respondent.

WOODWARD, J. This is an appeal from an order granting a motion by the plaintiff to retax her bill of costs. It is the contention of the plaintiff that she should have been allowed the sum of $14.56 by the county clerk, in addition to the sum taxed as costs, as daily traveling expenses incurred by witnesses in going to and from the place of trial. In his opinion on granting the motion to add to the bill of costs the amount of the daily mileage of witnesses, the justice at Special Term says:

"I have considered that the better construction of an ambiguously phrased statute is to require 50 cents and mileage to be paid to witnesses for each day's attendance. Mileage allowed."

The statute (chapter 386, Laws 1840; Code Civ. Proc. § 3318) reads:

"A witness in an action or a special proceeding, attending before a court of record, or a judge thereof, is entitled, except where another fee is specially prescribed by law, to fifty cents for each day's attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile, going to the place of attendance."

We think that a proper construction of the statute, as expressed in Hoffman v. N. Y., L. & W. R. R. Co., 50 N. Y. Super. Ct. 512, re-

---

quires a reversal of the order. In that case a similar question arose, and the court said, in a per curiam opinion:

"The appellant is entitled to tax mileage for but one day's attendance. The witnesses could have compelled the payment of but one fee for mileage. Any payment in excess of one was a gratuity from the defendant to the witness, and cannot be taxed."

There are some Special Term decisions not in strict accord with the conclusion reached by the Superior Court in the Hoffman Case (Moulton v. Townsend, 16 How. Prac. 306; Miller v. Huntington, 1 How. Prac. 218), but they in no way affect that case as an authority. Nor does the case of Muscott v. Runge, 27 How. Prac. 85, decided in 1863, by the General Term of the Fifth District, conflict with the rule of that case. The only question in the Muscott Case was that of an adjournment of court from Saturday until Monday, and it was said in the opinion that a witness might "go home to his family and place of worship on Sunday, if he resides within twenty miles, * * * and he may have fees for it."

It does not appear in the record why the witnesses whose mileage is asked by the plaintiff were obliged to incur the expense. The attorney for the plaintiff, in his affidavit at Special Term, says:

"All the said witnesses for whom plaintiff charged mileage for more than one day resided within the city of New York, came from and returned to their homes daily."

That is all. There is nothing in the record to show whether this was or was not done in good faith. The construction placed upon the statute by the Special Term might lead to serious abuses. As long as the statute remains as it is, it must be presumed that the intent of the Legislature is that the per diem fee of 50 cents is sufficient for the needs of witnesses in attendance at court.

If the rule of the Hoffman Case is to be changed, it should be done by the Legislature. There is no reason in the present case for overruling that decision, and placing a different construction on the statute.

The order should be reversed, with $10 costs and disbursements. All concur.