(82 Misc. Rep. 57.)

### BOOTH v. H. S. KERBAUGH, Inc.

(Supreme Court, Special Term, Cattaraugus County. August, 1913.)

1. COSTS (§ 157*)—TRIAL FEE—PRIOR ALLOWANCE.

   That a certain allowance had been made by the court to plaintiff as a condition of granting a postponement did not deprive him of his right to tax a trial fee, where it appeared by affidavit that such allowance was made to pay witness fees and other expenses already incurred by plaintiff, and that the respective attorneys had agreed that plaintiff's expenses would aggregate about that sum, and that his expenses did in fact amount thereto.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 613–617; Dec. Dig. § 157.*]

2. COSTS (§ 186*)—ITEMS TAXABLE—MILEAGE OF WITNESSES.

   Under Code Civ. Proc. § 3318, providing for witnesses' fees, plaintiff was not entitled to tax mileage for material witnesses under subpoena, for their trips to and from their homes during an adjournment from Friday afternoon until the following Monday.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 737; Dec. Dig. § 186.*]

Action by Elijah Booth against H. S. Kerbaugh, Incorporated. On motion for retaxation of costs. Motion granted.

George E. Spring, of Franklinville, for plaintiff.
Allen J. Hastings, of Olean, for defendant.

LAUGHLIN, J. The court is required by this motion to review the rulings of the county clerk in disallowing objections duly interposed by the defendant to the taxation by plaintiff, on entering judgment herein, of a trial fee for the March term, 1913, and five items of disbursements, aggregating $18.24, shown in the usual form to have been paid or incurred to certain witnesses for mileage for returning to their respective residences pending the trial of the action on the usual adjournment of court over Sunday, and for returning to attend court on Monday.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The right of the plaintiff to tax the trial fee depends upon a question of fact. Taxation of that item is contested only on the ground that it was embraced in an allowance of $100 made by the trial court to the plaintiff as a condition of granting the postponement of the trial on the application of the defendant. It appears by affidavit that such allowance was made for the purpose of paying the witness fees and other expenses of the trial incurred by the plaintiff at that time, and that it was agreed by the attorneys for the respective parties, without taxation of the items, that the plaintiff's disbursements and expenses would aggregate about that sum. It further appears by affidavit that such disbursements and expenses did in fact amount to that sum. That allowance, therefore, affords no basis for precluding the plaintiff from taxing the trial fee.

[2] It appears that after the trial of the action was begun, and on a Friday afternoon, the court adjourned until the following Monday at 1 o'clock in the afternoon, and that the justice presiding at the term, the attorneys, jurors, and the witnesses all left the county seat during the interim; and five material witnesses for the plaintiff, who had been subpœnaed and were in attendance, and resided from 43 to 48 miles from the courthouse, went home and returned to attend court at the adjourned hour. It is conceded on the part of the defendant that the plaintiff was entitled to tax $5 for the per diem fees of these witnesses for Saturday and Sunday, and its counsel argues that there is no authority for taxing more; but counsel for the plaintiff contends that his client was entitled to tax mileage for these witnesses, in effect, as if they had been duly subpœnaed anew, and he cites in support of his contention Muscott v. Runge, 27 How. Prac. 85, Moulton v. Townsend, 16 How. Prac. 306, Miller v. Huntington, 1 How. Prac. 218, and an unreported decision in which no opinion was written at Trial Term, Supreme Court, Cattaraugus County, in the case of Kales v. Hogg. The point presented is both interesting and important. It would seem that the ruling made in Kales v. Hogg, sustaining the right to tax mileage in such case, was a mere expression from the bench of the opinion of the justice presiding without specially examining the question; and it appears by affidavit that the court remarked, on so ruling, that as jurors were entitled to such mileage the same rule should apply to witnesses. In the case of jurors, however, it is expressly provided by section 3314 of the Code of Civil Procedure that unless a per diem allowance is made to them by the board of supervisors, in counties other than the county of New York, they shall receive mileage at the rate of 5 cents per mile for each mile necessarily traveled in going to and returning from the term, and that each juror is entitled to such mileage "for actual travel once in each calendar week during the term," with certain exceptions relating to three other counties. There is, however, no such provision with respect to witnesses, and therefore, with all due deference to the view of the learned justice who presided in Kales v. Hogg, the ruling in that case cannot be regarded as a controlling precedent, or one which should be followed, even if deemed erroneous, by a court of co-ordinate jurisdiction.

The fees to which the witnesses were entitled are prescribed in section 3318 of the Code of Civil Procedure as follows:

"A witness in an action or a special proceeding, attending before a court of record, or a judge thereof, is entitled, except where another fee is specially prescribed by law, to fifty cents for each day's attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile, going to the place of attendance."

Those statutory provisions have remained substantially the same since the enactment of chapter 386 of the Laws of 1840, from section 8 of which they were taken. In codifying the statute, its phraseology, which prescribed half the mileage for going and the other half for returning, was changed; but the revisers' notes do not indicate that they intended to change the effect of the statute. See Throop's Annotated Code Civ. Pro. 1886, § 3318. We may take judicial notice that in those early days, and until quite recently in nearly every rural county in the state, court was ordinarily held continuously from the commencement until the end of the term, including Saturdays, and jurors, witnesses, and others attending court usually remained at the county seat over Sunday adjournments, and were often obliged to do so. The phraseology of the statute contemplated the payment of mileage for one trip only to each witness, and it is now expressly given as traveling fees *for going to the court* and not, as in the case of jurors by the present statute, for going to and returning from the court.

It is manifest, therefore, that the question hinges on whether it became necessary to subpœna the witnesses de novo for Monday; for if it did not, and if their attendance on that day could have been lawfully required by paying them, before they were excused on Friday, their per diem fees for Saturday, Sunday, and Monday, then the defeated party cannot be charged with additional mileage unnecessarily paid. It seems, on the bare statement of the proposition, reasonable that witnesses should be reimbursed for the expenses of returning to their homes during the ordinary recess of the court over Sunday; but on reflection it will be seen that, if more than one mileage may be taxed for a witness, it must be, allowed in the case of a witness residing at the most remote point in the state, as well as in the case of a witness residing in the county where the trial is to be had. It is evident, therefore, that the taxation of more than one mileage for the same witness might become very oppressive to litigants, and it should only be allowed, I think, when his attendance could not lawfully be compelled unless subpœnaed again. It is one of the highest duties of citizenship to aid in the administration of justice by giving material testimony, and it is not contemplated by the statutes with respect to the payment of witness fees that full compensation or indemnity shall be afforded. The argument to sustain the taxation is based on the fact that the witnesses are not required to be in attendance at the courthouse during such adjournment, and that now they ordinarily go home. That is also true with respect to adjournments overnight, and yet in such case it has recently been authoritatively held that they are not entitled to mileage. O'Rourke v. Degnon R. & T. I. Co., 139 App. Div. 695, 124 N. Y. Supp. 364. The case of Muscott v. Runge, supra, was an action by a party against a witness to recover the statutory penalty and damag-

es for his failure to attend, and the court, on deciding that the plaintiff failed to prove many essential facts, and among others that the witness was duly subpœnaed, expressed the view that on an adjournment of the trial from Saturday until Monday the witness was either entitled to per diem fees for both Sunday and Monday, or to be excused or discharged from attendance under the first subpœna, and to be duly subpœnaed anew and paid mileage and the per diem fees for Monday.

I am of opinion, therefore, that when a witness is duly subpœnaed to attend court it is his duty, unless relieved by special application to the court on the ground that there has been an abuse of process in holding him in attendance at the court, to attend from day to day on due payment of the per diem allowance prescribed by the statute, and that it is not necessary, in the case of the usual recess of the court over Sunday or a legal holiday, to subpœna him over and pay another mileage. Of course, if after a witness is duly in attendance the case in which he is subpœnaed should be postponed for some time, or the court should be adjourned for a longer period than the ordinary recess, the court would not require the witness to remain in attendance on payment of a per diem fee, when it was known that the case could not be moved for trial, or that the court was not to be in session; and in such case, doubtless, the attorneys for the respective parties would be warranted, without special application to the court, in serving new subpœnas without applying to the court for a ruling on the question, and that is the effect of the decisions in Moulton v. Townsend, supra, and Miller v. Huntington, supra.

It follows that the motion for a retaxation of the costs should be granted, and that the second item for mileage for said five witnesses should be disallowed, and there should be substituted therefor an item of $5 for the per diem fees of the witnesses, and the cost should be retaxed at $240.63; but since the question is novel, and not free from doubt, no costs of the motion are allowed.

Ordered accordingly.