THE PEOPLE OF THE STATE OF NEW YORK ex rel. ENVOY APARTMENTS, INC., Relator, *v.* WILLIAM STANLEY MILLER and Others, Constituting the Board of Taxes and Assessments of the City of New York, Defendants.

Supreme Court, Special Term, New York County, December 2, 1937.

*Herman Gottlieb* [*Saul Goldstein* of counsel], for the relator.

*Paul Windels, Corporation Counsel* [*Simon Silver* and *Oscar S. Cox* of counsel], for the defendants.

POLETTI, J. This is a motion by the relator to fix the amount of disbursements properly chargeable in this proceeding and for an order directing the county clerk to tax such amount.

The relator brought three separate certiorari proceedings to review the tax assessments of 1934, 1935 and 1936. The issues in the three proceedings were referred by order of Mr. Justice CALLAHAN to Hon. Samuel S. Koenig, referee. The three proceedings were tried together before the referee, pursuant to agreement between the parties. The referee submitted three sets of findings, and three orders were signed. In the 1935 and 1936 proceedings costs were denied the relator in the discretion of the court because the reduction granted was less than one-half of the reduction claimed. In the 1934 proceeding costs were allowed, as required by section 294 of the Tax Law, because the reduction granted was more than one-half of the reduction claimed.

In taxing costs and disbursements in the 1934 proceeding the relator included among its disbursements a charge of $507.75 for stenographer's fees, $400 for referee's fees, and $60.68 for witnesses' fees. The city objects to these three items on the ground that these fees represent the charges for the three proceedings, and that they, therefore, constitute an attempt by indirection to obtain the disbursements in the two proceedings in which costs were denied. It is the city's position that the city is properly chargeable only with those portions of the above items which are allocatable to the 1934 proceeding.

The city makes several objections which it is well to dispose of preliminarily:

(1) That the stenographer's fee of $507.75 includes the cost of the copy of the minutes furnished to the relator; that a deduction of ten cents per folio should, therefore, be made, and that the charge should be at the rate of twenty cents instead of thirty cents per folio. This objection is disallowed. The stenographer has submitted an affidavit to the effect that his fee is only for the copy of the minutes furnished to the referee, and does not include the cost of the copy furnished to the relator. The city has submitted no evidence showing that the rate of thirty cents per folio is unreasonable. Although the facts in *People ex rel. Loft, Inc.,* v. *Sexton* (165 Misc. 564) are not precisely similar, yet it is significant that even in the absence of a stipulation Mr. Justice PECORA did not declare a charge of thirty cents per folio to be unreasonable.

(2) The city makes three objections to the subpoena and witness' fees attempted to be charged by the relator:

(a) That a charge is made for all witnesses without regard to whether their testimony was used in the 1934 proceeding or in

the other two proceedings. However, since the city fails to point out those witnesses whose testimony was not used in the 1934 proceeding, the court is forced to conclude that the testimony of all the witnesses for whom a fee is attempted to be charged was used in some way in the 1934 proceeding, and, hence, that fees for the attendance of all the witnesses are properly taxable.

(b) That the relator has attempted to tax a mileage fee for every day of attendance instead of for only the first day. Such a charge is improper. The relator is entitled to tax only one mileage fee for each witness. (*O'Rourke* v. *Degnon Realty & Terminal Improvement Co.*, 139 App. Div. 695.)

(c) That the relator has attempted to charge a witness' fee for the expert witnesses called by it. This it may do. Although additional sums for the services of an expert cannot be taxed, the ordinary witness' fee for his attendance may be. (4 Wait's New York Practice, 440.)

Returning to the main objection of the city, the relator contends that this court has already passed on the question of dividing the disbursements when it signed relator's order in preference to the order submitted by the city, which included a provision for taxing one-third of the costs only. There is no merit to such a contention; as well might the city say that the question was otherwise determined when the court denied costs in the 1935 and 1936 proceedings. The only question before the court when it signed the order was whether the relator was entitled to costs in the 1934 proceeding. No question as to the proper amount of costs or disbursements was then either presented or passed upon. An arbitrary one-third division was refused in contemplation of a division to be made on the actual taxation more consistent with the facts.

To permit the relator to charge the disbursements incurred in the conduct of all three proceedings to the single 1934 proceeding would constitute a flat reversal of the decision heretofore rendered by the court that costs and disbursements in all three proceedings may not be taxed. This court cannot deny all significance to that decision by approving the relator's present attempt.

309 folios of the record are attributable directly to the 1934 proceeding. Concededly, 181 folios relate only to the 1935 and 1936 proceedings; the cost for these folios may not be taxed. The remaining 1,212 folios consist of general matter relating to all three proceedings which would have been required had each proceeding been tried separately. One-third of these folios, or 401, can be properly allocatable to the 1934 proceeding. This makes a total of 710 folios properly chargeable to the 1934 proceedings at thirty

cents per folio, or a total charge of $213, which is the properly taxable disbursement for stenographic services.

The same objection is sustained to the relator's attempt to tax the entire fee of the referee. Since 710 of the 1,692 folios are attributable to the 1934 proceedings, it is only proper to assume that a similar proportion of the referee's time was dedicated to that proceeding. The relator may, therefore, tax forty-two per cent of the $400 referee's charge, or $168.

Settle order in accordance with the above.