■ In the Matter of the Accounting of HYMAN WANK, Public Administrator of Kings County, as Administrator of the Estate of HARRY C. SMITH, Deceased, Respondent. RUTHERFORD H. FERRY et al., Appellants; KENNETH P. SMITH et al., Respondents.— Decedent died intestate, leaving a considerable estate. Respondent R. M. Smith, a resident of North Carolina, is one of more than three hundred claimants to the estate. The special guardian for aunts and uncles of decedent and their descendants was requested by the attorneys for the said R. M. Smith to make application to perpetuate Smith's testimony, and that of a witness, J. M. Clay, both over eighty years of age, which would substantiate Smith's claim that he was a first cousin once removed of the decedent. Said special guardian transmitted that request to the Public Administrator of Kings County who thereafter made an application for the taking of the testimony of Smith and Clay by open commission, and for other relief. The appeal is from so much of an order of the Surrogate's Court, Kings County, as directs the taking of the depositions of those individuals at Durham, North Carolina, before a named commissioner and an official stenographer of the Surrogate's Court, both of whom apparently are residents of this State, and authorizes the advance of $3,000 from the funds of the estate for the reasonable and necessary expenses attendant upon the taking of such depositions. There is no appeal from that part of the order which designates said commissioner as a special referee to hear, determine and report, subject to confirmation or modification by the Surrogate, the questions arising upon the settlement of the account by reason of the objections filed thereto, and the identities of the distributees of the estate. Order modified by striking therefrom the first two ordering paragraphs and by substituting therefor a provision that the motion to take the depositions of R. M. Smith and J. M. Clay is denied. As so modified, order, insofar as appealed from, affirmed with separate bills of $10 costs and disbursements to appellants, to the Public Administrator, and to the special guardians, payable out of the estate, without prejudice to an application by or on behalf of said respondent for an order for the taking of depositions under section 288 *et seq.* of the Civil Practice Act. While a proper case for examination upon oral rather than written interrogatories was presented, we are of the opinion that it was an improvident exercise of discretion to direct that the examination be held in North Carolina before residents of this State, with the added expense attendant thereon, over the objection of other parties to the proceeding. We are also of the opinion that, in any event, the same person appointed as referee should not be named commissioner, as the effect would be to transfer part of the trial to another jurisdiction. There was, furthermore, no justification for charging the estate with the expenses of taking the depositions. (Cf. *Matter of Sentell,* 53 Misc. 165; *Matter of Manzi* [*Tietjen*], 155 Misc. 670.) No reason appears why the respondent R. M. Smith should not have made the application himself, since it was sought to advance his claim to share in the estate, or why there should be a departure from the established practice of requiring the party seeking the examination to pay the expenses thereof. (Cf. *Cole* v. *Manufacturers Trust Co.,* 253 App. Div. 749; *Matter of Koerner,* 170 Misc. 473.) On any new application, the right to an examination, under section 288 *et seq.* of the Civil Practice Act, should be established by affidavit of the party or person having knowledge of the facts; and the motion should not be based upon unverified, unsupported, hearsay statements, as was the case on the instant motion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.