■ ELIZABETH KUZMAK, as Administratrix of the Estate of JOHN KUZMAK, Deceased, Plaintiff, v. ATLANTIC CEMENT COMPANY, INC., et al., Appellants. ELIZABETH KUZMAK, as Administratrix of the Estate of JOHN KUZMAK, Deceased, Plaintiff, v. EIMCO CORPORATION, Respondent.— Appeal by the defendants-appellants, Atlantic Cement Company Inc., hereinafter called Atlantic, and St. Lawrence Cement Co., hereinafter called St. Lawrence, from an order of the Supreme Court, entered July 9, 1963, in Rensselaer County, which granted the motion of the defendant-respondent, the Eimco Corporation, hereinafter called Eimco, for an examination before trial of Johnson, Drake and Piper, Inc., hereinafter called Johnson, a corporation not a party to the action. The defendant Atlantic employed the defendant St. Lawrence as a general contractor in charge of the design engineering and construction of a new cement plant on its premises at Ravena, N. Y. The plans for the construction of said plant required the building of a conveyor from the quarry site to the main plant. The conveyor had to pass through a large hill which was located between the quarry site and the main plant site. St. Lawrence employed Johnson as a subcontractor to build the tunnel through said hill. On December 12, 1961, while the decedent John Kuzmak, as an employee of Johnson, was operating a front-loader machine, designed and constructed by the defendant Eimco, near the opening of said tunnel, Kuzmak received injuries resulting in his death. The plaintiff seeks money damages for the wrongful death and conscious pain and suffering of her husband and charges Atlantic and St. Lawrence with failure to provide him with a safe place to work and Eimco with improprely designing and constructing said machine. Eimco, not having any employees on the job site and having no knowledge of how the accident occurred, moved for an order allowing examination of Johnson through its present employees with knowledge of the accident; and that Johnson be required to produce its records and payroll books so as to identify which of its employees were present at the accident so that they could be examined as witnesses. The Special Term granted the motion and also provided in the order "that the former employees of Johnson, Drake and Piper, Inc., revealed in its examination before trial as being at the scene of the aforesaid accident, be examined regarding all the relevant facts and circumstances of the aforesaid accident". The appellants urge that the information sought by Eimco is not material and necessary since all it has to prove is that its machine was properly designed and constructed. We do not agree. Eimco can avoid liability by showing that the decedent was contributorily negligent or that the accident was due to causes other than the design and construction of the machine. Section 288 of the Civil Practice Act (now CPLR 3101, 3106) provides that the testimony of a nonparty can be taken if it is material and necessary, where the person is about to depart from the State, or is without the State or resides at a greater distance than 100 miles from the place of trial, etc., or that other special circumstances render it proper that his deposition should be taken. In the light of the many decisions which have been handed down with reference to section 288, we believe that there is no longer any doubt but that it shall be construed

liberally. " The purpose of examinations before trial, like the trial itself, is to get out the facts. As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure in facilitating preparation and expediting the trial." (*Marie Dorros, Inc.* v. *Dorros Bros.*, 274 App. Div. 11, 13.) A corporation is a "person" who can be examined before trial. In a thorough presentation of this subject, Presiding Justice BOTEIN, in *Southbridge Finishing Co.* v. *Golding* (2 A D 2d 430), concludes that the passing years have changed the concepts of the function of pretrial examination and that today it is concerned more acutely with the preparation of the case than with the preservation of testimony. Movant seeks to elicit proof material and necessary to its defense. Johnson's exclusive knowledge of the identity of the employees present constitutes an adequate special circumstance (CPLR 3101) which justifies the order of the Special Term, whose discretion should not be disturbed. (Cf. *Farrell* v. *Reed,* 16 A D 2d 709.) Further, and with respect to the corporation at least, the provision as to examination of witnesses residing a greater distance from the place of trial than 100 miles (CPLR 3101) is applicable. The order, however, must be modified by deleting the provision for examination of former employees. (*McGowan* v. *Eastman,* 271 N. Y. 195; *Sundell Co.* v. *Pioneer Building-Loan & Sav. Assn.,* 197 Misc. 580.) Order modified so as to delete that portion thereof which provides for the examination of former employees and, as so modified, affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.