Edward Goodell, J.
This application, made by the plaintiff, after the jury had rendered its verdict in his favor in an action for personal injuries and property damage resulting from an automobile accident, seeks the addition of interest to the verdict and the allowance of mileage fees paid to a witness for the plaintiff.
1. CPLR 5001 has eliminated the dispute as to whether interest is recoverable as a matter of right or discretion in cases of negligent injury to property. The dictum in Flamm v. Noble (296 N. Y. 262, 268) has been legislated into law by section 5001 so that the addition of interest to a jury’s verdict for property damage is now a matter of right. (See Legislative Studies and Reports in McKinney’s Cons. Laws of N. Y., Book 7B, § 5001, p. 526, and 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5001.05.)
Under subdivision (c) of section 5001 the court has authority to fix the date for the computation of interest as of the date of the occurrence of the accident.
The question here is whether the verdict sufficiently distinguishes the part allocated by the jury to property damage to enable the court, without speculation, to add interest to that part of the verdict. ‘ ‘ Reasonable certainty ’ ’ is the criterion. (Flamm v. Noble, supra).
The defendant concedes in its answering affidavit that the jury brought in two verdicts, one “ a verdict for a cause of action for personal injuries for $1000 ” and “ a second verdict for the sum of $570.85.”
The verdict for $570.85 embraces not only property damage but special damages also for medical and hospital services which, as established by the exhibits admitted into evidence, were as follows:
Courtesy Service Center, Inc. (Plaintiff’s Exhibit 1 in evidence — paid bill for auto repairs) ............................... $117.10
Katz Auto Collision Works (Plaintiff’s Exhibit 2 in evidence — paid bill for auto repairs) ................................ $331.75
Knickerbocker Hospital (Plaintiff’s Exhibit 3 in evidence — partially paid bill for hospital service) ....................... $17.00
Dr. Michael Nagel (Defendant’s Exhibit B evidence — lien against proceeds of action for medical services...................... $105.00
Total ............................ $570.85
*392 On the basis of the record in this case it is clear that the jury’s verdict for $1,000 was its award to the plaintiff for personal injuries and that its verdict for $570.85 was its award to the plaintiff of the precise amount of the special damages and property damage claimed by the plaintiff as evidenced by the four exhibits noted above, the total amount of which was exactly $570.85. The arithmetic of simple addition also establishes that of this amount $448.85 for repairs, as shown on plaintiff’s Exhibits 1 and 2, was included by the jury in its verdict in order to reach the exact total of $570.85.
Therefore, in the present case, although the verdict of $570.85 includes medical and hospital services, the amount of the jury’s award for property damage is not a matter of speculation since the amount of the verdict could only have been reached by its acceptance and inclusion in its verdict of each item of special damage and property damage as evidenced by the foregoing exhibits.
Since, as stated in Flamm v. Noble (296 N. Y. 262, 265, supra) the claim for property damage here “ represents a pecuniary-loss, which may be ascertained with reasonable certainty as of a fixed day,” interest is hereby allowed on $448.85, the amount of the property damage, and the date from which interest shall be computed on that amount is hereby fixed as the date of the accident, namely April 16, 1963. (See, in this connection, McLaughlin v. Brinckerhoff, 222 App. Div. 458; Demms v. Blanchard, 150 Misc. 867; and CPLR 2001.)
2. The plaintiff also seeks a direction to the Clerk, in connection with the taxing of costs, that $16 should be allowed for mileage fees paid to a witness.
While this is not an issue of crucial importance, discussion of it seems warranted since this appears to be the first time that the question of taxation of mileage fees has arisen under CPLR 8001.
The witness, Eddie Turner, resides in Yonkers, a distance, according to the moving affidavit “ of approximately 19 or 20 miles from the courthouse.” A supplemental affidavit alleges that the witness was served in Yonkers with a subpoena for his attendance at Trial Term, Part 18, of this court. The moving affidavit further states that the witness ‘( was directed to attend by the Court on Monday, April 14, 1969 when the case first appeared for trial in Part 18 and thereafter until he testified on "Friday, April 18, 1969, making a total of 5 days ’ ’ and that 11 he was entitled to be paid and was paid a mileage fee of $1.60 per day for 20 miles of travel to and 20 miles from his home for 5 days, at a total of $16.00.”
*393 It may be noted, in passing, that the court’s direction to the witness was made at the request of counsel for the plaintiff.
Nevertheless, regardless of the question of whether the direction to the witness was made at the request of the plaintiff’s counsel or on the court’s own motion, the issue presented by the application is whether mileage should be taxed for one or five attendances in view of the long-established precedent under the Code of Civil Procedure and the Civil Practice Act that the taxing party is entitled to mileage for but one attendance. (See Hoffman v. N. Y. Lake Erie & Western R.R,. Co., 18 Jones & Sp. 512; O’Rourke v. Degnon Realty & Term. Improvement Co., 139 App. Div. 695 [1910]; Booth v. H. S. Kerbaugh, Inc., 82 Misc. 57 [1913]; People ex rel. Envoy Apts. v. Miller, 165 Misc 943 [1937].)
A number of reasons were given in these cases for this conclusion: that the witness could have compelled the payment of but one fee for mileage (Hoffman v. N. Y., Lake Erie & Western R.R. Co., supra); that construction of the statute that the witness is entitled to the payment of mileage for each day’s attendance would lead to serious abuse (O’Rourke v. Degnon Realty & Term. Improvement Co., supra); that the taxation of more than one mileage for the same witness might become oppressive to litigants and should only be allowed when the witness’ attendance could not be lawfully compelled unless subpoenaed again; that it is one of the highest duties of citizenship to aid in the administration of justice by giving material testimony; and that it is not contemplated by the statute with respect to the payment of witness fees that full compensation or indemnity should be afforded (Booth v. H. S. Kerbaugh, Inc., supra).
. In the absence of these precedents it would be my conclusion, as a matter of first impression, based on a literal reading of CPLR 8001, that mileage under that provision should be taxed for each attendance.
Subdivision (a) of section 8001 states the following: “ Any person whose attendance is compelled by a subpoena, whether or not actual testimony is taken, shall receive for each day’s attendance two dollars for attendance fees and eight cents as travel expenses for each mile to the place of attendance from the place where he was served, and return. There shall be no mileage fee for travel wholly within a city.”
Because of the use of the conjunctive “ and ” between “attendance fees” and “eight cents as travel expenses,” the phrasing of this subdivision lends itself to the construction that *394 witnesses are to be paid for each day’s attendance both attendance fees and travel expenses.
Precisely this argument, it may be noted, was raised in O’Rourke v. Degnon Realty & Term. Improvement Co. (supra,) based on the language of section 3318 of the Code of Civil Procedure. That section provided that “ A witness in an action or special proceeding, attending before a court of record, or a judge thereof, is entitled, except where another fee is specially prescribed by law, to fifty cents for each day’s attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile, going to the place of attendance.” The court at Special Term said, with regard to this language, “I have considered that the better construction of an ambiguously phrased statute is to require 50 cents and mileage to be paid to witness for each day’s attendance.” On appeal, this conclusion was reversed, the court stating, in part, that “We think that a proper construction of the statute, as expressed in Hoffman v. N. Y. L. E. & W. R. R. Co. (18 J. & S. 512) requires a reversal of the order.”
A similar result based on similar language in the Civil Practice Act was reached in People ex rel. Envoy Apts. v. Muller (165 Misc. 943, 945, supra). Section 1539 of the Civil Practice Act then provided that “ A witness in an action or a special proceeding attending before a court of record or a judge thereof is entitled, except where another fee is specially prescribed by law, to fifty cents for each day’s attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile going to the place of attendance. ’ ’ Here, too, the court held, based on this language, that “ The relator is entitled to tax only one mileage fee for each witness ”, citing O’Rourke v. Degnon Realty & Term. Improvement Co. (supra) as authority for its position.
This outline of the Code and Civil Practice Act provisions and the cases interpreting them suggests that the rule as to mileage fees adopted prior to the passage of the CPLR was based primarily on the policy considerations indicated above, such as the possibility that the taxation of mileage for more than one attendance might become oppressive to litigants, that being a witness is one of the highest civic duties and that the statute does not contemplate full compensation and indemnity by the payment of witness fees.
The question is whether the CPLR provisions have changed this precedent. In my view, despite the language and the punctuation of section 8001, it has not done so, for these reasons:
*395 CPLR 8001 has effected several changes as to witness fees and mileage, in each instance by explicit language, but has not done so by express language with regard to the precedent in question. As to witness fees it changed the per diem fee payable to witnesses from 50 cents to $2. As to mileage fees it provided specifically (a) that mileage should be paid from the place where the witness was served instead of the place of his residence; (b) that there shall be no mileage fee for travel wholly within a city; and (c) that in addition to being paid for each mile between the place of attendance and the place of service, the witness shall also be paid for the return trip.
There is no reference or mention, however, in the language of section 8001, to the stated precedent.
The only change in the drafting of section 8001 that might be pointed to as an indication of an intention to alter the mileage rule adopted by the interpreters of the Code of Civil Procedure and the Civil Practice Act is not a verbal expression but the deletion of a punctuation mark — the semicolon preceding the word “and” between the provisos for attendance fees and the provisos for mileage fees that appeared in the Code of Civil Procedure and the Civil Practice Act.
The elimination of a semicolon would seem to be a precarious way of expressing an intention to change a rule that had existed for nearly 80 years prior to the adoption of the CPLR. In this circumstance it would be expected that somewhere in the Legislative Studies and Reports concerning section 8001 the revisers would include a statement concerning a purpose to alter a rule so long established.
However, while the Legislative Studies and Reports relating to CPLR 8001 (McKinney’s Cons. Laws of N. Y., Book 7B, § 8001, pp. 276-277) do discuss the express changes enumerated above, they are silent on the subject of allowing mileage fees for more than one day’s attendance.
It cannot be assumed that the revisers were unaware of the precedent established under both the Code of Civil Procedure and the Civil Practice Act. Their failures to indicate an intention to change the precedent either by explicit statutory provision or by comment expressing such an intent are factors that persuasively suggest that the revisers did not intend to change the precedent and that if they did they would have said so.
Rules of statutory construction relative to the subject of legislative silence support this conclusion: “It is a sound inference that, in the absence of express language indicating its intention, it is presumed that the legislature did not intend *396 to overturn long established rules of law.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, p. 119.) If the legislature wished to change the interpretation of a statute, it should make an appropriate change in the language; the fact that no change in wording is made creates a presumption that no change in meaning is intended.” (McKinney’s, supra, pp. 126-127.)
Apart from the negative aspect of legislative silence, there is a positive argument, based on demonstrative legislative consideration of policy and of legislative action, in support of the view that mileage for only one attendance is taxable under section 8001.
Under both the Code of Civil Practice and Civil Practice Act the fee payable to witnesses was limited to 50 cents a day. The Legislative Studies and Reports relating to section 8001 state that consideration was given to raising the witness fee to $5 a day, but that it was feared this would be too burdensome to litigants and, as a result, the amount finally agreed upon and made part of section 8001 was $2 a day. Mileage under both the Code of Civil Procedure and Civil Practice Act had been limited to 8 cents for each mile between the place of residence of the witness and the place of attendance only. The revision provides for an increase in the mileage allowed by including not only the trip to the court, but the trip back as well. On the other hand, as an indication of the same concern shown with regard to witness fees, that litigants should not be overburdened with expense, the revision provides that the mileage allowance should be computed from the place of service of the subpoena, rather than from the place of residence, and further provides the no mileage fee should be paid for travel within cities. The purpose and policy considerations relative to these changes are discussed in the Legislative Studies and Reports (McKinney’s, supra).
In view of these specific and affirmative acts and comments indicative of careful consideration of policy, it seems to me that another modification of prior law should not be read into the statute. Purpose and spirit as revealed by the Legislative Studies and Reports and by the legislation itself indicate that that should not be done. As was said in the frequently quoted statement in Holy Trinity Church v. United States (143 U. S. 457, 459): “ It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers.” To put the same thought another way: “If the spirit and purpose of an act find fair expression therein, it is construed accordingly, even though the interpretation thus placed upon *397 it is contrary to the literal meaning of some of its provisions, which is to say that a court in construing a law will sometimes be guided more by its purpose than its phraseology.” (McKinney’s Cons. Laws of N. Y., Book 1, supra, p. 159.) (See, also, McCaffrey, Statutory Construction, p. 12.)
Some of us may feel, in the light of the present high cost of living and the diminished purchasing power of the dollar, that the provisions of section 8001 are inadequate. Nevertheless they are there and represent the considered judgment of the revisers. As was said in O’Rourke v. Degnon Realty & Term. Improvement Co. (supra) with regard to the rule that was established 85 years ago in Hoffman v. N. Y., Lake Erie & Western R. R. Co. (supra): “If the rule of the Hoffman case is to be changed, it should be done by the Legislature.” This is particularly true in this case because a compelling consideration of policy in the minds of the revisers appears to have been the view that witness fees and mileage fees are not intended to afford full compensation or indemnity and that these fees should not be too burdensome to litigants. It is not unreasonable to conclude that the same concern that expressed itself in the decision not to burden litigants by allowing $5 as a per diem fee for witnesses was also involved in the decision-making process regarding mileage fees.
One further consideration supports this conclusion: it is a familiar rule that “ if a construction sought to be placed on a statute produces an absurdity it is, as a general rule, to be discarded.” (McKinney’s, Book 1, supra, p. 219.)
If the conjunctive “ and ” in section 8001 should be construed to mean that a witness is entitled to receive for each day’s attendance both the per diem fee and mileage, an anomalous result could follow.
For the purpose of accenting as well as illustrating the point, an example is employed here that is unlikely to occur with frequency but is nevertheless not outside the realm of the possible, namely a witness residing in Buffalo who is subpoenaed to come to New York City to attend a trial and who, in addition, remains here for five days, including the day of trial, as in the present case.
Since Buffalo is approximately 400 miles from New York City, such a witness, on the basis of a literal interpretation of section 8001, would be entitled to $10 in per diem witness fees and, even though the witness remained in New York City on all five days, to $320 in mileage fees on the theory, regardless of the fact that he has not returned to Buffalo, that he is entitled for each day’s attendance in New York City to 8 cents for the *398 trip to New York City and 8 cents for the return to Buffalo for 400 miles in each direction.
While it will be conceded that the case of a witness subpoenaed in Buffalo for attendance in New York City would be unusual, it may also be agreed that the reasonableness of the suggested construction should not be judged on the basis of the distance of Yonkers from New York City.
Accordingly, as stated in Booth v. H. S. Kerbaugh, Inc. (82 Misc. 57, 61, 62, supra), in the absence of a showing that the attendance of a witness ‘1 could not lawfully be compelled unless subpoenaed again ”, mileage should be taxed for only one attendance. As indicated in that case, there may be circumstances in which ‘ ‘ the attorneys for the respective parties would be warranted, without special application to the court, in serving new subpoenas without applying to the court for a ruling on the question ’ ’.
Such circumstances are not present in this case since the witness was directed by the court to return on each day. Here, it may be noted, paranthetically, that ‘ ‘ when a witness is duly subpoenaed to attend court it is his duty, unless relieved by special application to the court on the ground that there has been an abuse of process in holding him in attendance at the court, to attend from day to day on due payment of the per diem allowance prescribed by the statute, and that it is not necessary, in the case of the usual recess of the court over Sunday or a legal holiday, to subpoena him over and pay another mileage.” (Booth v. H. S. Kerbaugh, Inc., 82 Misc. 57, 62, supra.)
That the witness was in fact paid mileage for more than one attendance does not change the situation. As stated in Hoffman v. N. Y., Lake Erie & Western R. R. Co. (supra), and repeated in O’Rourke v. Degnon Realty & Term. Improvement Co. (supra): “ The witness could have compelled the payment of but one fee for mileage. Any payment in excess of one was a gratuity from the defendant to the witness and cannot be taxed.”
The motion, therefore, is granted to the extent of allowing interest on $448.85, to be computed from April 16, 1963, and to the extent of directing the Clerk to tax mileage for one attendance in the sum of $3.20.