OPINION OF THE COURT
Sidney Leviss, J.
Defendant, Kas Carpets, Inc., moves pursuant to CPLR 3101 for an order directing the trustee in bankruptcy of Chatsworth Carpet & Rug Co., Inc. (hereinafter Chatsworth) to produce an officer of the bankrupt corporation for an examination before trial. The examination is opposed by the trustee on the grounds that (a) the corporation having been adjudicated bankrupt and a trustee having been appointed, said corporation has ceased to exist, (b) the trustee has no control over *70 such former officers and so cannot compel their attendance even if ordered to do so, and (c) in any event, such persons, being Georgia residents, are not within the jurisdiction of the New York courts.
Disclosure must be made by any "person who possessed a cause of action or defense asserted in the action”. (CPLR 3101, subd [a], par [2].) Chatsworth, a corporation, is a "person” who can be examined before trial. (Kuzmak v Atlantic Cement Co., 20 AD2d 845.) When a corporation goes into bankruptcy, a trustee is appointed who is the legal representative or successor in interest of the bankrupt. (Matter of Hines, 69 F2d 52.) The trustee acquires title to all assets of the bankrupt that are transferable, subject to all such claims and defenses which might have been asserted against the bankrupt but for the filing of the bankruptcy petition. (Bank of Marin v England, 385 US 99; American Capital Corp. v Duralab Equip. Corp., 39 Misc 2d 1057.) "The right of a trustee in bankruptcy to take over claims belonging to the bankrupt does not create a new cause of action; the cause of action is the same; it is only the ownership thereof that changes.” (Doran Lbr. Corp. v James Talcott, Inc., 232 NYS2d 697, 699.) The trustee at no time has rights of his own in the assets if we eliminate his fees. The interest in the assets remains the possession of the bankrupt and his creditors. (Van der Stegen v Neuss, Hesslein & Co., 270 NY 55.) Bankruptcy does stop the business activities of a corporation, but the filing of the bankruptcy petition does not destroy the corporate entity. (Throckmorton v Hickman, 279 F 196.) "Further, since even the dissolution of a corporation does not 'affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution’ (Business Corporation Law, § 1006, subd. [b]), then, a fortiori, the fact that a corporation is no longer doing business, but not dissolved, cannot affect any such remedy.” (Rugby Excavators v Juliano, 40 AD2d 1024, 1025.)
In the present case, the corporate officers have crucial and unique knowledge of the transaction and it is necessary to defendant’s defense of this action that it be permitted to take such officers’ depositions upon oral examination. Deposing only the trustee, whose knowledge rests exclusively on the bankrupt’s official books and records, cannot provide the essential facts for defendant’s defense. The trustee did not do business with Kas Carpets, Inc.; the corporation did. All *71 information regarding this claim is known by the corporation and not by the trustee. If defendant is to understand and defend against the trustee’s claim, it must be able to examine such former officers.
Nor will nonresidence of the officers of the corporation operate to preclude an examination before trial in the absence of a showing of hardship. (CPLR 3101, subd [a], par 4; Santamaria v Walt Disney World, 51 AD2d 959.) In addition, the "special circumstances” requirement of CPLR 3101 (subd [a], par [4]) has been deemed satisfied when there is a showing by defendant’s attorney "that he needs such witness’s pretrial deposition in order to prepare fully for the trial” (Kenford Co. v County of Erie, 41 AD2d 586).
Accordingly, the trustee is ordered to produce an officer of the bankrupt corporation at the office of the Clerk of Special Term, Part 2, on the fifth floor of this courthouse, on a date and at a time to be set forth in the order to be entered hereon. The movant shall bear the expenses and fees thereof. (Matter of Smith, 1 AD2d 1032; CPLR 3116, subd [d]; Davis v McDaniel, 60 Misc 2d 390; CPLR 8001, subds [a], [b].)