In the Matter of the Probate of the Last Will and Testament of EPHRAIM H. BENDER, Deceased.

SARAH W. BENDER and Others, Appellants; WILLIAM HOWARD BENDER and Another, as Executors, etc., of EPHRAIM H. BENDER, Deceased, Respondents.

*Allowance of costs in Surrogates' Courts — expert witness fees not taxable — review of surrogate's practice.*

The allowance of costs in the Surrogates' Courts is regulated by the Code of Civil Procedure, and the surrogate has no power to make an allowance for any purpose unless he is authorized so to do by the Code.

Under section 2559 of the Code of Civil Procedure no disbursements can be allowed in the Surrogates' Courts except those that are allowed in the Supreme Court. The surrogate, however, is made the taxing officer instead of the clerk.

Under the provisions of section 3318 of the Code of Civil Procedure the fees of witnesses are limited by law to the *per diem* compensation and mileage as provided by statute, and the party to whom the costs are awarded in an action is entitled to tax only the legal fees of witnesses.

The fact that the statute has expressly limited the allowance of witness fees to the legal fees is of itself a prohibition to a surrogate, or any officer acting under the statute, to allow more than the legal fees for the attendance of witnesses. The surrogate has no power to permit the taxation of expert witness fees at a greater amount than the fees prescribed by section 3318 of the Code of Civil Procedure.

While a surrogate may make rules and adopt a practice in relation to the conduct of proceedings in his court, he may not in so doing contravene a statute in such wise that a judgment may be entered against a party and his property be taken without redress and without right of review.

APPEAL by the contestants, Sarah W. Bender and others, from that portion of a decree of the Surrogate's Court of the county of Albany, entered in the Surrogate's Court of the county of Albany on the 10th day of July, 1894, directing and allowing out of the

estate of Ephraim H. Bender, deceased, a sum fixed as the proponents' taxable costs and disbursements and allowances, with notice of an intention to bring up for review upon such appeal the allowance, award and taxation by the surrogate of the sum of $500 paid as a fee to an expert medical witness as a part of the proponents' bill of costs.

*Robert G. Scherer*, for the appellants.

*George L. Stedman*, for the respondents.

STOVER, J. :

The appeal is from so much of a decree made by the Albany Surrogate's Court on the 10th day of July, 1894, as allows $500, paid as a fee to an expert medical witness as a disbursement.

The proceeding in which the item of $500 was allowed was for the probate of the will of Ephraim H. Bender, and one of the questions for the surrogate to determine in this proceeding was the mental capacity of the testator at the time of the making of the will. The sole question presented here is as to the power of the surrogate to allow the item in dispute. Allowances of costs in the Surrogate's Court are regulated by the Code of Civil Procedure, and unless authority can there be found for the allowance, the decision of the surrogate was erroneous. Section 2559 of the Code of Civil Procedure, relating to costs and disbursements in the Surrogate's Court, is as follows :

" Costs, when awarded by a decree, include all disbursements of the party to whom they are awarded, which might be taxed in the Supreme Court. The sum allowed for costs must be fixed by the surrogate and inserted in the decree."

It will be seen that, under this section, no disbursements can be allowed, except such as are allowable in the Supreme Court, but the surrogate is made the taxing officer instead of the clerk.

Section 3256 of the Code of Civil Procedure specifies the disbursements which a party is entitled to, when costs are allowed, and is as follows : "A party to whom costs are awarded in an action is entitled to include, in his bill of costs, his necessary disbursements, as follows : The legal fees of witnesses and of referees and other officers ; the reasonable compensation of commissioners taking deposi-

tions; the legal fees for publication, where publication is directed, pursuant to law; the legal fees paid for a certified copy of a deposition or other papers, recorded or filed in any public office, necessarily used or obtained for use on the trial; copies of opinions and charges of judges; the reasonable expenses of printing the papers for a hearing, when required by a rule of the court; prospective charges for the expenses of entering and docketing the judgment, and the sheriff's fees for receiving and returning one execution thereon, including the search for property, and such other reasonable and necessary expenses as are taxable, according to the course and practice of the court, or by express provision of law."

Section 3318 of the Code of Civil Procedure regulates the amount of fees to which a witness is entitled in an action in the Supreme Court, and is as follows: " A witness in an action or a special proceeding, attending before a court of record, or a judge thereof, is entitled, except where another fee is specially prescribed by law, to fifty cents for each day's attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile, going to the place of attendance."

It will be seen by this section that the fees of witnesses are limited by law to the *per diem* compensation and mileage as fixed by statute, and that the party to whom costs are awarded in an action is entitled to tax only the *legal fees of witnesses*, etc. The witness is compelled to attend upon payment of the fees prescribed by law, and has no right to demand more from the party. Hence, legal fees, as used in the section fixing the costs, must mean only such fees as the party is legally bound to pay in order to secure the attendance of witnesses. But it is claimed that expert witnesses are not within the statutory definition of witnesses, but, by reason of the peculiar character of their testimony, the compensation paid, whatever it may be, becomes a necessary disbursement in an action. No precedent is cited for such contention, nor do I think any can be found. It was held in *Mark et al.* v. *City of Buffalo* (87 N. Y. 184) that the sums paid an expert for plans and measurements, in an action brought to recover for granite, dressed and prepared for use, in the construction of a city and county building, was not a necessary disbursement. And in *Rothery et al.* v. *New York Rubber Company* (90 N. Y. 30) it was held that in an action

brought to compel the lowering of a dam, which set the water back upon plaintiff's lands, the allowance of items for engineer's fees, maps and services were not proper, necessary disbursements in an action, and could not be allowed.

As was said in *Mark et al.* v. *The City of Buffalo (supra)*, "If allowed, the precedent would draw after it the expense of every preparation for trial, and open the door to a flood of evil." I do not think there can be any distinction between the fees of an expert witness in actions of the character of those cited above, and the one in the case under consideration. It may be seen at once that the services of the engineer are as necessary in an action like that of *Rothery* v. *The Rubber Company* as were those of a medical expert in the proceeding to determine the mental condition of the testator in the case under discussion. But it is contended by the respondents that this item was properly allowed under the last clause of section 3256. "Such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law." If I am correct in the views above stated, this was not an item taxable by express provision of law, and authority, if any, must be found under the other clause, viz., "taxable according to the course and practice of the court." The surrogate has made what is called a finding that expert witness fees are taxable according to the rules and practice of the Surrogate's Court, and it is claimed that this court is precluded by such finding. I cannot consent to such a proposition. While it is true that in questions of practice only, in other courts, this court will assume that the judges of the court itself are the proper judges of rules and practice of their own court, yet where, as in this case, such practice affects the substantial rights of the party and not the conduct of the proceeding simply, but undertakes to enforce and create a judgment against the party under which he would be deprived of his property, this court should go beyond the finding of the surrogate, and determine for itself whether such action is within the authority of the surrogate, and whether he has power to make such rule or follow such practice. And while we may concede that the surrogate may make such rules and adopt such practices as he may, relating to the conduct of proceedings in his court, he may not make a rule or adopt a practice

which contravenes the statute and under which a judgment may be entered against a party and his property taken without redress and without right of review.

The fact that the statute has expressly limited the allowance of witness fees to the legal fee, is, of itself, a prohibition to the surrogate, or any officer acting under the statute, to allow more than the legal fees for the attendance of witnesses. The statute nowhere gives authority to the surrogate to increase or allow other than legal witness fees, but expressly limits his authority, so that whenever the surrogate allows witness fees, he can allow only the legal fees, viz., the *per diem* allowance and mileage.

I do not think the court is precluded by the statement or finding of the surrogate that expert witness fees are taxable according to the practice in the Surrogate's Court, for, as we have seen, such practice, if it exists, must be without warrant of the statute, or of precedent, or of law in any manner, and the Surrogate's Court has no power to adopt a rule or practice which would permit the taxation of expert witness fees.

The decree should be modified by disallowing the allowance of $500 paid for expert witness fees, with the costs of this appeal.

PUTNAM and HERRICK, JJ., concurred.

Decree of the surrogate modified, with costs and disbursements of this appeal to the appellants.