ANDREWS v. JENKINS.

Opinion delivered March 26, 1928.

INSURANCE—AGENT'S COMMISSIONS.—Where an insurance agent was entitled, under his contract, to a commission on premiums actually collected and accounted for in cash, he was not entitled to commissions on applications procured until the notes received in payment of premiums were actually paid in cash.

Appeal from Sebastian Circuit Court, Fort Smith District; *J. Sam Wood*, Judge; reversed.

*Thomas B. Pryor, Jr.*, and *Robert H. Harper*, for appellant.

*O. O. Jenkins* and *Dobbs & Young*, for appellee.

McHANEY, J. Appellant is engaged in the life insurance business, being the manager of the Guardian Life Insurance Company. He employed appellee, Jenkins, as an agent to solicit applications for life insurance for said

company as a subagent under him. He required said Jenkins to give a bond, conditioned as follows:

"If the agent shall faithfully discharge the duties as agent of the company, under present appointment or any future appointment, or in any other capacity in which he may hereafter be employed by the company, and shall, upon demand, pay over and account for all moneys and other property belonging to the manager or to the company, including any advances or other indebtedness, and shall at all times have and keep the manager and company harmless from any loss or damage growing out of collections made by the agent or his agents, or out of any misconduct or violation of any of the terms of said contract, then this obligation shall be null and void; otherwise to remain in full force and virtue. And it is expressly understood and agreed that the duties and emoluments of the agent may be altered or varied, or he may be reappointed, or be employed in any other capacity from time to time without notice to us or any of us."

This bond was executed by Jenkins as principal and appellee, McCord, as surety. This arrangement began in the early part of 1924 and continued until the fall of that year, when Jenkins ceased working for appellant. Appellant brought this suit against appellees to recover the sum of $220.98, being the amount of moneys advanced appellee, Jenkins, from time to time, less commissions earned. Appellee admitted that he had been advanced the sum of $270 by appellant, but claimed that the commissions earned by him on policies written amounted to $275.36, which was more than sufficient to cover the advances made. The only controversy with reference to the account appears to arise because of notes taken for the Frank Schonebeck policy, on which the commission, if paid, would amount to $164.20, and the Elgin L. Byrnes policy, the commission on which amounted to $22.44, for both of which notes appear to have been given. With reference to the Byrnes policy, appellant charged appellee with $22.44, and on August 11, 1924, credited his account by note from Byrnes in the sum of $22.44. This

appears to be a cross entry, and by reason thereof appellee has not been credited with any commission on this policy. We are unable to tell from the evidence whether this note was paid, and, if so, we do not find any further credit in appellee's account for the commission thereon.

With reference to the Schonebeck notes, none of them were ever paid, and appellant charged in his account against appellee $36.95 as the net amount paid the company for the time the policy was in force. However, it dismissed this item from its account, and is not claiming that it has the right to charge appellee therewith.

We do not think appellee is entitled to any commission on the Schonebeck policy, as the notes were never paid. The contract between them plainly provides that a commission is to be paid only on premiums actually collected and accounted for in cash, paragraph eight of the contract being as follows: "The principal will pay the agent, in full compensation for all his services, commissions as shown by the following schedule, on premiums actually collected and accounted for in cash by him, to the principal, during the continuance of this appointment, on policies issued upon applications effected by the agent in said territory."

While it is true that the Schonebeck notes were taken by reason of the authority of appellant, yet this did not have the effect to change the commission agreement, as above set out. True, he was authorized to write the Schonebeck application for a policy, and to accept notes for the premium, but nowhere in the evidence do we find that appellant agreed that such notes should be treated as cash and that appellee's commission should be paid, regardless of whether the notes were collected. This being true, we are of the opinion that the written provision in the contract of employment providing for the payment of commissions, is controlling, and that appellee, Jenkins, would not be entitled to a commission until such notes were actually paid.

The court therefore erred in giving instructions Nos. 1, 2 and 3 at the request of appellee. For the errors indicated the judgment will be reversed, and the cause remanded for a new trial.