In the Matter of the Acquisition of Rights of Way and Permanent Easements, by the BOARD OF SUPERVISORS OF THE COUNTY OF SCHENECTADY, for the Reconstruction of the South Schenectady-Mariaville State Highway, No. 788, County of Schenectady, State of New York, and the Constructing and Permanently Maintaining Thereon a Storm Sewer for the Existing Broadway-Fort Hunter State Highway, No. 163, County of Schenectady, State of New York, etc.

County Court, Schenectady County, October 3, 1940.

*Walter Scott Mc Nab, County Attorney,* for the petitioner.

*Alexander Grasso,* for the respondent Agnes Matula, reputed owner of Parcel Map 19.

*Charles M. Hughes,* for the respondents O. W. Blaser, reputed owner of Parcel Map No. 10; Joseph Flowers, reputed owner of Parcel Maps Nos. 15 and 18 and Permanent Easement Maps Nos. 3 and 4; Frank Secor, reputed owner of Parcel Map No. 7, A, B, C, D; Rudolph Feuz, reputed owner of Parcel Map No. 22; The Creamery Dairy Association (Clarence Gregg), reputed owner of Parcel Map Nos. 3, 5; Clarence Gregg, reputed owner of Parcel Map No. 2, A, M (sheet 1 of 2); Clarence Gregg, reputed owner of Parcel Map No. 2, A, B (sheet 2 of 2).

*McDonald King,* for the respondents Abram Vedder, reputed owner of Permanent Easement Map No. 7; S. Peter Siegel, reputed owner of Permanent Easement Map No. 9 R-1; John Siegel, reputed owner of Permanent Easement Map No. 10.

LIDDLE, J.  It appears from the bill of costs as filed in the above-entitled proceeding and in the bill of costs of John Siegel there was included an item under disbursements of the sum of $200 as and for expert witnesses in the above-entitled proceeding.  In the same proceeding respondent S. Peter Siegel includes the sum of $200 as disbursements as and for expert witnesses.  The taxable bill of costs as filed in the above-entitled matter of Agnes Matula as respondent includes a disbursement of $400, the same being for expert witnesses used upon the hearing in the above-entitled proceeding.  In the respondents Gregg, Gregg Estate and Creamery Association there are three bills of costs as taxed and in each instance respectively an item of disbursement was included in the bill of

costs of $33.33 as and for expert witnesses. Also in the matter of the respondent Rudolph Feuz as taxed, there is an item in the bill of costs and for disbursements of $700, likewise representing expert witnesses. In the respondent O. W. Blaser there is included in the disbursements and taxed an item of $100 for witness fees which is likewise an alleged disbursement for expert witnesses.

Counsel for these respondents urge the court to direct taxation thereof in these amounts, first basing the necessity thereof upon the theory that these respondents were necessarily placed to an unreasonable amount of expense in the trial of these various proceedings and that by reason thereof an unjustifiable hardship is burdened upon these various respondents. Counsel for respondents likewise rely upon the case of *Matter of Gillespie* (173 Misc. 591). Upon an examination of the statute which was the foundation for the condemnation proceeding in the *Gillespie* case, a special act of the Legislature was enacted as set forth in chapters 724 and 725 of the Laws of 1905, authorizing the condemnation of the properties as therein set forth, and in this act discretion is given to the commissioners and to the court in awarding disbursements in that special proceeding. This act must be distinguished from section 36 of the State Highway Law and section 16 of the Condemnation Law. Section 16 of the Condemnation Law reads in part as follows: Costs " to be taxed by the clerk at the same rate as is allowed to the prevailing party for the trial of an action in the Supreme Court." The court appreciates the necessity for the service of expert witnesses in connection with proceedings of this nature and the fact that payment must be made for services which these expert witnesses rendered. However, there seems to be and is no statute authorizing the court to allow an item as disbursements in a bill of costs as and for an expert witness as included in these various bills of costs and, therefore, it is improper to include these items as a part of the respondents' costs.

It, therefore, appears to the court conclusive that until the Legislature, if in its wisdom it so desires, makes provision for such item, such items as included as disbursements in these bills of costs are improper and must be excluded.

It does appear, however, that these expert witnesses are entitled to a fee as set forth generally in section 1539 of the Civil Practice Act, to wit, fifty cents for each day's actual attendance and, if he resides more than three miles from the place of attendance, eight cents for each mile going to the place of attendance. It, therefore, appears that this court is prohibited under the statute to allow more than the legal fees for the attendance of witnesses. This court has no power to permit the taxation of expert witness fees at a greater amount than prescribed by section 1539 of the Civil Practice Act.

(See *Matter of Bender*, 86 Hun, 570; also, *Potter* v. *Austin*, 190 N. Y. Supp. 712.)

Under Schedule A of the bills of costs as taxed, there is no indication to this court of the number of days the various witnesses were actually engaged in attendance upon their duties at the various hearings. The various items as set forth in these bills of costs are, therefore, improper and each item is stricken from the disbursements and the clerk of the county of Schenectady is directed to retax costs and disbursements in these various proceedings with the opportunity to counsel for each respondent to file an affidavit setting forth the actual number of days in attendance which witnesses attended hearings, and upon filing such affidavit the clerk is directed to include said item of disbursement at fifty cents per diem and mileage in the bill of costs and to retax the costs according to this memorandum. Submit order.