Louis M. Greenblott, J.
The defendant moves pursuant to CPLR 8404 for a review of the taxation of the bill of costs filed by the plaintiff, and for an order disallowing the items to which objection was made.
The bill of costs as taxed included as disbursements an item of $200 for Doctor Maxwell Snider, who testified as an expert on behalf of the plaintiff at the trial of this case on February 2, 1965. Included also was an item of $3.50 paid to Service for a corporate search. The plaintiff contends that the bill for services submitted by Doctor Snider in the amount of $200 is an item properly taxed pursuant to CPLR 8301 (subd. [d]) and CPLR 8301 (subd. [a], par. 1) and that said sum is a reasonable .sum.
The defendant contends that the fee charged by an expert witness for testimony cannot be taxed as a disbursement. Prior to the enactment of CPLR 8301, the law was well settled in New York that the plaintiff could not tax as a disbursement any sums charged by the expert for his services in court. (Matter of South Schenectady-Mariaville Highway, 174 Misc. 1089; People ex rel. Envoy Apts. v. Miller, 165 Misc. 943.) The Fourth Preliminary Report of the Advisory Committee on Practice and Procedure sets forth in its introduction to title 152 (p. 324) the scope of the change intended in the law of disbursements and additional allowances, as follows: ‘ ‘ Although some minor changes have been made in the present provisions concerning additional allowances, the basic structure of the present law remains unaltered. Moreover, the limitations on the amount that may be awarded have not been significantly altered, in accordance with the committee’s decision to refrain from major reconsideration of the amount of costs.”
This court agrees with the defendant that it would constitute a major and significant change in the law of costs to allow the *365 fee charged by an expert witness for testimony to be taxed as a disbursement.
A litigant’s right to be reimbursed for the disbursements he has made during the course of a lawsuit is entirely dependent on the existence of statutory authorization. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.01.) As this authority stated: “ Because the subject of disbursements is dealt with in a statutory framework that declares only a limited number of items to be taxable, a litigant in a New York court who is entitled to tax his disbursements should not expect to recoup all of his expenses. * * * In keeping with the general rule of strict construction of statutes in derogation of the common law, which is especially applicable in the area of costs, disbursements and additional allowances * * * the New York courts repeatedly have held that in the absence of a statute expressly covering an expense, it is not taxable.
Apparently Professor Weinstein’s personal opinion is that CPLR 8301 (subd. [d]) should be extended to include the fees of expert witnesses. In view of the existing decisional law, when coupled with the Report of the Advisory Committee, this court is of the opinion that any extension of the present rules should be made by legislative enactment.
Accordingly the item covering the bill of Doctor Snider in the amount of $200 is disallowed and is limited to his legal fees under CPLR 8301 (subd. [a], par. 1), which fee is $2.
The court is of the opinion that the item of $3.50 paid to the Service Company in Albany is a reasonable sum and a proper charge under CPLR 8301 (subd. [a], par. 12).