Emilio Nunez, J.
Plaintiffs move for an order pursuant to CPLR 8401 seeking a retaxation of costs and disbursements heretofore disallowed by the Clerk. The defendant, by way of a cross motion, moves for an order disallowing and striking out all of those disbursements in favor of the plaintiffs taxed by the Clerk on the ground that the same was awarded in violation of CPLR 8301 (subd. [e]).
The plaintiffs’ action was instituted to recover the sum of $500,000 representing' (1) on the first cause of action $15,000 expenses allegedly incurred and paid pursuant to an agreement with the defendants and (2) on the second cause of action the sum of $485,000 for damages allegedly sustained for loss of profits and loss of reputation.
*391 During negotiations with the plaintiffs concerning their business venture, the defendant L. Livschitz, who is an Israeli national, was served personally with a summons in the City of New York. The plaintiffs thereafter obtained a warrant of attachment on moulds belonging to defendants which were being shipped into the United States. The Sheriff levied upon such property after the duty thereon was paid by the plaintiffs’ agent, a customs broker. After a trial before me in December, 1964, the plaintiffs were awarded the sum of $3,761 on the first cause of action. The plaintiffs discontinued the second cause of action during trial.
Plaintiffs ’ counsel made an application before me for an extra allowance pursuant to CPLB 8303 (subd. [a]) which was denied. On March 1, 1965, plaintiffs submitted a proposed bill of costs to the Clerk who allowed the sum of $47.10 in disbursements and rejected the following sums sought to be taxed:
Duty on goods attached.................$1,244.99
Fees to Sheriff......................... 538.40
Bond on Underwriting.................. 55.95
$1,839.34
An exception to the disallowance was taken by plaintiffs alleging that the above payments necessarily had to be expended and were reasonable and taxable pursuant to CPLB 8301 (subd. [a], par. 12).
CPLB 8404 deals with the judicial review of taxation and retaxation. Under this section, the court has discretion to review and, if necessary, revise the results of a taxation or retaxation under CPLB 8402 or CPLB 8403 or to order a retaxation before the Clerk.
The plaintiffs seek the relief requested under CPLB 8301 (subd. [a], par. 12), which reads as follows:
‘ ‘ § 8301. Taxable disbursements
“ (a) Disbursements in action or on appeal. A party to whom costs are awarded in action or on appeal is entitled to tax his necessary disbursements for: * * *
‘112. such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court.”
It is necessary to distinguish between “ disbursements ” and statutory “costs” in order to understand CPLB 8301. The term “ disbursement ” encompasses out-of-pocket expenses incurred by a party in the preparation and during the trial of an action. Statutory “ costs ” are amounts awarded for various *392 phases of litigation that are fixed by statute and have no relation to a party’s actual expense. The words “ other reasonable and necessary expenses ” are designed to make less severe the restrictive statute in which disbursements are denied by the Clerk.
Under CPLB 8102 (subd. 1) plaintiff is not entitled to costs:
“1. in an action brought in the Supreme Court in a county within the city of New York which could have been brought, except for the amount claimed, in the civil court of the city of New York, unless he shall recover six thousand dollars or more ”.
The plaintiffs having recovered less than $6,000 were denied statutory costs. It appears therefore that the plaintiffs not being entitled to costs as a matter of law cannot avail themselves of CPLB 8301 (subd. [a], par. 12) and they are not entitled to tax their disbursements.
The defendants’ application for an order to disallow the sum of $47.10 as disbursements taxed by the Clerk is denied. Pursuant to CPLB 8301 (subd. [c]), the court may allow the taxation of disbursements where a party is not awarded costs in actions to recover a sum of money only and the party “ recovers the sum of fifty dollars or more ”. This section permitting an award of disbursements to a party not awarded costs is new. However* the disbursements that may be taxed under CPLB 8301 (subd. [c]) are limited to those set forth in CPLB 8301 (subd. [a]). The disbursements allowed by the Clerk fall within this statutory limitation and are reasonable and therefore should be allowed.