Irwin D. Davidson, J.
After trial, plaintiff’s complaint was dismissed on the merits. Defendants now move for an additional allowance pursuant to CPLR 8303 (subd. [a], par. 2).
Plaintiff’s complaint was based on the claim that the defendants had entered into a plan and scheme unlawfully to obtain plaintiff’s confidential and secret data consisting of customers’ lists of dealers who sold Italian publications in the United States, along with other confidential data belonging to the plaintiff. The proof at the trial established beyond any doubt that the defendants did not participate in any unlawful scheme to steal plaintiff’s customers’ lists, but, on the contrary, the Italian publishers in Italy supplied the customers’ lists which the defendants were using. Clearly it was the right of the publishers in Italy to select defendants as their representatives to stimulate and foster the distribution of their magazines and periodicals in the United States, and it was the defendants’ right to accept that business.
In order to establish their defense in court, the defendants were required to produce as a witness Miss Bovari, an Italian National, secretary to Dr. Rizzoli, owner of several of the Italian publications involved. Her testimony that she was the one who typed the list of customers using the information contained in the Rizzoli files and that she personally turned over such lists to the defendants, completely demolished plaintiff’s claim that the defendants stole such lists from the plaintiff.
Defendants assert that their defense of the action was made difficult by reason of the unusual circumstances involved. Simultaneously with the commencement of its action, the plaintiff sought to obtain a temporary injunction against the defendants, but the court at Special Term denied that motion. The defendants, Italian Nationals, not being bilingual, could not easily communicate with their attorneys. Because of the infrequency of the defendants’ visits to New York, preparation of the case for trial was made more difficult. The defendant Ezio Belli, a resident of Italy, who was added as a party defendant only after passage of the CPLR which became effective September 1, 1963, severed Ms relationship with the defendant Speedimpex, Inc., in January, 1963, a fact known to the president of plaintiff corporation, and only came to the United States to appear at the trial. Furthermore, and most important, the defendants were required to bring from Italy and to produce *864 in count, Miss Bovari, a crucial witness for their defense. Reimbursing the defendants for the expenses of bringing this witness from Italy can be made in no other way. Such expenses are not taxable as a disbursement. (CPLR 8301, 8001.)
To be successful under CPLR 8303, it is not necessary as under sections 1513 and 1514 of the Civil Practice Act, to show that the case was difficult and extraordinary, but merely that it was difficult or extraordinary. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8303.09.)
While no hard and fast rule can be laid down by way of definition of what is a difficult case, I am persuaded that this case does fall within the definition of a difficult one. Accordingly, I rule that the defendants are awarded the sum of $1,500 as an additional allowance pursuant to CPLR 8303 to be included in the judgment to be entered.