Abraham N. Geller, J.
Motion by defendants for an order pursuant to CPLR 8301 (subd. [b]) directing plaintiff to pay them for the “ reimbursement ” of a stated sum to a witness, is denied without prejudice to a plenary action, if the witness be so advised. The sum requested, $544, represents the witness’ expenses and loss sustained in attendance and travel to New York in response to plaintiff’s motion to take his deposition as a witness.
After plaintiff’s motion for the deposition out of the State was made, defendants and the witness agreed with plaintiff’s attorney that the motion be withdrawn and arrangements were made for the witness to come to New York to have his examination taken here. It is claimed that plaintiff’s attorney, without proper advance notice, left a message that he had been called out of town and would be obliged to adjourn the examination. The witness was already then in New York.
Disbursements in an action are taxable only in favor of a party and only in accordance with statute. CPLR 8301 enumerates the taxable disbursements. CPLR 8301 (subd. [b]) provides that the court may allow any party to tax, with respect to a motion, his reasonable and necessary expenses of that motion. While CPLR 8301 (subd. [a], par. 12) provides in an omnibus clause for taxability of “ such other reasonable and necessary expenses * * * by order of the court”, this has reference to expenses of a party and now authorizes the court in a proper case to order taxation of such expenses of a party as are not embraced in the enumerated subdivisions. None of these provisions, however, permits taxation of a witness’ expenses incurred because of some alleged wrongful act on the part of the party or attorney requesting or requiring his appearance.
The disbursements here requested are those of a witness. The only provision in CPLR for a witness subpoenaed is that set forth as to attendance and mileage fees in CPLR 8001. While the parties dispute the underlying facts, this application cannot be granted for lack of any authority therefor.