Harold H. Hymes, J.
The plaintiff sued the defendants for property damages resulting from an automobile accident. The jury returned a verdict in favor of the plaintiff in the amount of $430-.
The bill of costs filed by the plaintiff includes the sum of $100 for a,n expert witness who testified concerning the value *609 of the automobile before and after the accident. At the hearing for the retaxation of costs, defendants object to the inclusion of the disbursement for an expert witness.
The attorney for the defendants refused to stipulate the cost of repairs or the loss in the market value of the automobile. The plaintiff was therefore required to produce as witnesses a garage man who testified to the cost of repairs, and a sales manager of a local Dodge agency to testify concerning the value of the automobile before and after the accident. Although the defendants’ representative had examined the automobile in order to determine the extent of the damages, the 'defendants did not put on the stand any witnesses to contest the cost of repairs or the loss of value as testified by the plaintiff’s witnesses.
The defendants object to the inclusion in the bill of costs a disbursement for an expert witness, asserting that there is no legal basis for the payment of expert witness fees in excess of the ordinary witness fees. A long line of cases before the adoption of the CPLR supports this point of view. The rationale has been that if additional allowances were permitted for expert witnesses, then every expense for preparation and trial could be included and thus “ open the door to a flood of evil. ” (Mark v. City of Buffalo, 87 N. Y. 184, 189.)
When the CPLR was adopted to replace the Civil Practice Act, some changes were made in the provisions concerning costs and disbursements. CPLR 8301 (-subd. [a], par. 12) allows as taxable disbursements “ such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court.” This is a restatement of section 1518 of the Civil Practice Act, except that there is added the words “ or by order of the court ”.
The defendants contend that the CPLR does not in any way extend the area of taxable disbursements and that there is still no provision for the taxation of fees for expert witnesses. In Kiev v. Seligman & Latz of Binghamton (47 Misc 2d 364) the court denied any allowance for expert witness fees, basing its opinion upon cases interpreting the Civil Practice Act and upon a statement from the report of the Advisory Committee on Practice and Procedure. That report stated, ‘ ‘ Although some minor changes have been made in the present provisions concerning additional allowances, the basic structure of the present law remains unaltered. Moreover, the limitations on the amount *610 that may be awarded have not been significantly altered in accordance with the committee’s decision to refrain from major reconsideration of the amount of costs.”
In the case of Davis Sportswear v. Parker (49 Misc 2d 77) the court refused to allow as taxable disbursements a witness’ “ expenses and loss sustained in attendance and travel ”. The court recognized that the CPLR had added an omnibus clause for the taxation of “ other reasonable and necessary expenses * * * by order of the court ’ ’, but it held that this had reference to the expenses of a party and not to the expenses of a witness. If this distinction is followed, then it would appear that the court might have included a party’s disbursement for the payment of an expert witness.
In Jacobs v. Livschitz (46 Misc 2d 390, 391-392) the court interpreted CPLR 8301 (subd. [a], par. 12) as follows: “ The term ‘ disbursement ’ encompasses out-of-pocket expenses incurred by a party in the preparation and during the trial of an action * * * The words ‘ other reasonable and necessary expenses ’ are designed to make less severe the restrictive statute in which disbursements are denied by the Clerk ”.
Although some States have allowed the payment of expert witness fees under strict court control, New York has generally denied such allowances. Delaware and Louisiana give the court discretion in taxing fees for expert witnesses. California allows the Judge to appoint the expert witness where necessary and to allow additional fees for his attendance. Has New York opened the avenue for the allowance of expert witness fees under the amended provisions of the CPLR?
The evil feared by the court in Mark v. Buffalo (87 N. Y. 184, supra) is balanced by the difficulty faced by a litigant to have his case presented in court. The case at bar was one for property damages only and the amount sought was not large. A stipulation by both parties as to what the witnesses would testify to as the cost of repairs and loss in market value would not have been unreasonable. Refusal on the part of the defendants to stipulate such testimony, and their failure, on the other hand, to present any evidence to contradict the plaintiff’s evidence, would indicate that their main purpose was to put the plaintiff to the full burden of his proof.
It is commonly known that it is expensive to bring in witnesses who are not otherwise involved in the action. Experts are not witnesses to the event itself. They testify only as to conclusions reached from their own expert experience, knowl *611 edge and background as applied to hypothetical facts. Therefore, although subject to subpoena, their testimony is of a different nature than that of other witnesses. They are paid to testify because of their expertise on the subject involved.
Calling an expert witness places a considerable financial burden upon a party and may deter him from prosecuting his claim in court. At least where the damages claimed are small and reasonably determinable within narrow limits, defendants should not be allowed to discourage a determination at trial, by forcing the plaintiff to go to the expense of hiring an expert witness, without the possibility of bearing some of the cost.
A balance must therefore be reached between unreasonable additional disbursements whiéh might be allowed against the unsuccessful litigant, and the financial burden placed upon a litigant who is ultimately successful. The one against whom a judgment is entered should not be required to pay unreasonable and excessive disbursements, but at the same time the party who is put to his proof, and who looks to the court for a just determination of his cause, should not be denied his access to the courts in a just claim because of the economic burden placed upon him, and his subsequent inability to recover these additional costs from his opponent.
This court believes that such matters of taxable disbursements and their equitable imposition should be left to the discretion of the court. This is how we interpret CPLR 8301 (subd. [a], par. 12). If it is otherwise, then no meaning is given to the words “or by order of the court ”. We believe that they were added in order to give to the court discretion in the proper case to allow for recovery of reasonable and necessary disbursements, including payments for expert witnesses.
This interpretation is supported in 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.01, par. 8301.07. (See, also, 40 St. John’s L. Rev. 355; 2 Syracuse L. Rev. 324.)
Whether or not expert witness fees are taxable under CPLR 8301 (subd. [d]) is not decided here. Sufficient discretion is given to the court under CPLR 8301 (subd. [a], par. 12) to allow such taxable disbursement in this case.
The plaintiff seeks an amount of $100 for his expert witness. The court, in its discretion, believes that $50 is an adequate taxable disbursement and, therefore, will allow that amount to be included as a taxable disbursement in the bill of costs.