J. Raymond Amyot, J.
In this action for personal injuries the plaintiff has received a verdict against the defendants. Judgment has been entered, and included in the costs as taxed by the Clerk was $300 for the attendance of James Dougherty, a licensed physician, who testified concerning the plaintiff’s injuries. By agreement between counsel, the amount of that disbursement has been deducted from the plaintiff’s bill of costs pending determination of this motion to review the taxation of costs and to allow as a taxable disbursement that amount originally included as a fee for the attendance and testimony of the plaintiff’s doctor.
*900 Submitted in support of the application is an affidavit by Dr. Dougherty which alleges that the fee of $300 charged by him is fair and reasonable.
CPLR 8301 (subd. [a], par. 12) authorizes the court to allow “reasonable and necessary expenses” but that authority contemplates the court’s discretion. Absent a showing justifying’ the exercise of such discretion, “ expert ” or “ professional ” witnesses are entitled only to the statutory fee for attendance.
The case of Janusz v. Fallon (61 Misc 2d 608) relied upon by the plaintiff is eloquent authority for this position. There, the allowance of the expert’s “fee” was by way of sanction against the unreasonable refusal of the defendant to stipulate to the easily ascertainable and apparently uncontradicted value of the plaintiff’s property damage. The cost of producing the witness to supply that proof was allowed by the court, understandably, to discourage such practice. Such was a proper exercise of discretion. Even there, the court did not allow the full $100 cost of producing the expert but exercised discretion and allowed only $50 as a taxable disbursement. The court then expressly stated ‘ ‘ Whether or not expert witness fees are taxable under CPLR 8301 (subd. [d]) is not decided here.” (Janusz v. Fallon, supra, p. 611.)
It does not appear in the case at bar that the extent of plaintiff’s injuries or the duration of her disability was conceded or ascertainable without the testimony of a medical witness. It does not appear that injuries were admitted or easily evaluated. The doctor’s proof was necessary to establish the value of the plaintiff’s cause of action and the cost of producing that evidence was a normal expense of trial, and not recoverable from the defendants beyond the amount statutorily authorized for the attendance and mileage of any other witness.
The great weight of authority confirms that the amount paid to witnesses who testify upon a trial as experts may not be taxed as a “necessary disbursement”. Not only is this so under the CPLR (Hempstead Bank v. Ryan, 42 A D 2d 779; Cooper v. Dubow, 41 A D 2d 843, 844; Kiev v. Seligman ds Latz of Binghamton, 47 Misc 2d 364; 24 Carmody-Wait, New York Practice 2d, §§ 148:61, 148:75), but was the rule under the Civil Practice Act (People ex rel. Envoy Apts. v. Miller, 165 Misc. 943, 945; Matter of South Schenectady-Mariaville Highway, 174 Misc. 1089), and even under the Code of Civil Procedure (Mark v. City of Buffalo, 87 N. Y. 184, 189; Rothery v. New York Rubber Co., 90 N. Y. 30; Matter of Bender, 86 Hun 570).
*901 The wisdom of this rule is recognized when one considers the awesome fear which would dominate the thinking of the average working man who contemplated a suit against a giant corporation, if the cost of the defendant’s experts brought from around the globe could be saddled on the injured indigent should he be unsuccessful in his contest with the unlimited talent and inexhaustible defense fund of the conglomerate defendant and its indemnitor.
The motion is denied.