John M. Friedman, Sr., J.
There was a collision between the parties’ autos, and plaintiff seeks to recover for the damage to her auto. The versions testified to by plaintiff’s driver and by defendant were substantially different, and the court accepts as correct that of the former, which shows that defendant was solely at fault.
There is involved, however, a troublesome question of law and fact relating to the ability of plaintiff to prove damage. She did not have her auto repaired, so as to be able to use the procedure of CPLR 4533-a, because she did not have the money for repairs. She obtained an estimate of the cost of repairs, but defendant objected to the receipt in evidence of such estimate, which objection had to be sustained. To call to court as an expert witness a car repair man would cost plaintiff a substantial witness fee which, traditionally in New York, she could not recover as a taxable disbursement (although such recovery was allowed in Janusz v Fallon [61 Misc 2d 608], which case has not apparently been followed — see Van Patten v Sylvia [76 Misc 2d 899]).
Is a nonexpert owner of an auto which is damaged through the fault of another to be deprived of a recovery because of the owner’s financial inability to have repairs made or to call *562 an expert? I think not. The owner should be permitted to testify to the value of the auto before and after the accident.
Wigmore, Evidence (Vol 3 [Chadbourn rev], § 716, p 56) states the general rule to be that the "owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objection to this policy.” Wigmore cites several cases involving automobiles damaged in collisions. The sole New York case cited is People v Gaul (22 AD2d 805), a prosecution for larceny where the value of an auto was apparently testified to in order to establish the degree of the crime.
New York has permitted an owner’s testimony as to value of personalty where there is no market for it. See annotation in American Law Reports (12 ALR2d 902, 911), citing several New York cases. New York also follows the general rule that an owner of realty may testify to its value, at least in eminent domain proceedings. (Besen v State of New York, 17 Misc 2d 119.) The latter case is cited in New York Jurisprudence (21 NY Jur Evidence, § 455) as authority for its statement that an "owner of property [not limiting the property to realty] who, as is usually the case, is familiar with the property, is entitled to testify to the value of the property, provided he has knowledge of the circumstances which determine the value. If he owns the property, no such showing of a special knowledge of values as might be required to qualify another witness is needed in order to permit him to testify as to the value of the property.”
At the very least, the owner knows the purchase price and the condition of the property. Presumably he has received information as to the cost of repairs or the trade-in value; while this is information received from others, so usually is a good part of the basis of an expert’s testimony.
I hold that an owner of an auto, regardless of his expertise, may testify to its value immediately before and immediately after an accident, and that the difference in value is competent evidence as to the damage sustained. The weight of such evidence may be slight. It is, of course subject to attack by the opposing party, who can cross-examine as to the basis of the owner’s testimony, and who can offer his own evidence of damage. Nevertheless, the owner makes a prima facie case with his testimony.
*563 Here the owner was not cross-examined on her testimony as to value, and the defendant did not call any witness of his own. Accordingly, I accept her testimony and grant judgment for the amount of damage to which she testified.