OPINION OF THE COURT
Memorandum.
Order of the court below (95 Misc 2d 696) affirmed, without costs.
The issue upon this appeal is whether an arbitrator, in a no-fault arbitration proceeding pursuant to section 675 of the Insurance Law, may also award the fee paid to an expert witness who testified at the arbitration hearing. Apparently, the insurer paid the arbitration award except for the afore-mentioned expert witness fee. The court below *449 denied appellant’s subsequent application to confirm the entire award, holding that the arbitrator exceeded his power in permitting appellant to recover the afore-mentioned expert witness fee from the insurer.
At the outset, it should be noted that we agree with the court below that although it appears that opposition by the insurer may have been interposed more than 90 days after delivery of the award (because the insured’s motion to confirm was not made until after said period of time had elapsed), it was, nevertheless, not time barred from contesting the motion (see CPLR 7510, 7511; see, also, Siegel, New York Practice, § 601). Appellant cannot defeat the insurer’s opposition by characterizing it as a petition to vacate or modify the award. Adoption of a contrary view would improperly preclude adjudication on the merits based upon affixation of procedural labels that create a distinction without a difference.
Furthermore, the arbitrator was without power to award appellant reimbursement for the subject expert witness fee. Section 675 of the Insurance Law merely provides for the successful claimant’s recovery of his “attorney’s reasonable fee.” Statutes providing for taxation of witness fees against the losing party are in derogation of the common law and are to be strictly construed (see 20 Am Jur 2d, Costs, § 65; 81 Am Jur 2d, Witnesses, § 23). In connection with judicial proceedings, it has been held that, apart from the mileage and attendance fees of witnesses permitted to be taxed as disbursements pursuant to CPLR 8001 and 8301, “[t]he great weight of authority confirms that the amount paid to witnesses who testify upon a trial as experts may not be taxed as a ‘necessary disbursement’ ” (Van Patten v Sylvia, 76 Misc 2d 899, 900; see, also, 65 NY Jur, Witnesses, § 3). The Insurance Law only provides for the recovery of attorney’s fees by the successful claimant. As noted in Matter of Rachlin v Lewis (96 Misc 2d 701, 705), “[b]y definition attorneys’ fees are entirely different from disbursements.” We, therefore, agree with the court below that the provisions of section 675 of the Insurance Law should not be artificially extended to embrace the concept “expert witness fee” within the term “attorney’s reasonable fee” for pur *450 poses of taxation against the insurer. It is the opinion of this court that “it would constitute a major and significant change in the law of costs to allow the fee charged by an expert witness for testimony to be taxed as a disbursement. * * * any extension of the present rules should be made by legislative enactment” (Kiev v Seligman & Latz of Binghamton, 47 Misc 2d 364, 364-365; see, also, Hempstead Bank v Ryan, 42 AD2d 779).
Given the express provision of section 675 of the Insurance Law limiting claimant’s recovery, insofar as relevant herein, to his attorney’s reasonable fee, in the context of the special compulsory arbitration procedures created pursuant to the “no-fault” system, CPLR 7513 (relating to arbitrations generally), which provides that an arbitrator may award “other expenses”, should not be read as authorizing the “no-fault” arbitrator to permit the successful claimant to recoup from the insurer an expert witness fee expended by claimant absent specific legislation permitting same. In making such an award the arbitrator herein exceeded his power (see CPLR 7511, subd [b], par 1, cl [iii]).
Concur: Pino, P. J., Hirsch and Jones, JJ.