■ FLORA MARCUS et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from so much of a judgment of the Supreme Court, Kings County, dated January 29, 1980, as directed it to pay plaintiffs $1,675 for the fees of expert witnesses. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the action is remitted to Trial Term for entry of an appropriate amended judgment consistent herewith. After a bifurcated trial in which the jury apportioned liability, finding defendant 67½% at fault and plaintiff Flora Marcus 32½% at fault, the jury rendered a verdict in favor of plaintiffs, after apportionment, in the principal amount of $50,625. After announcement of the verdict, but before the entry of judgment, plaintiffs' counsel moved orally for the imposition of additional costs totaling $1,675 for the fees of three expert witnesses who testified on plaintiffs' behalf. The court, in an order dated December 27, 1979, granted the motion and a provision for the additional costs was incorporated in the final judgment. Trial Term erred in allowing plaintiffs to tax, as necessary disbursements, the fees of expert witnesses over and above those provided for in CPLR 8001 (subd [a]). Any posttrial recovery of disbursements is dependent on statutory authorization (see *White Plains Urban Renewal Agency v Tencer,* 60 AD2d 648; *Clowes v Watt,* 147 Misc 722). CPLR 8301 (subd [a], par 1) authorizes a party who is awarded costs to tax "the legal fees of witnesses". Those legal fees are the ones prescribed by CPLR 8001 (subd [a]). CPLR 8301 (subd [a], par 1) applies to expert, as well as lay, witnesses (see *Morris v Government Employees Ins. Co.,* 106 Misc 2d 448; *Kiev v Seligman & Latz of Binghamton,* 47 Misc 2d 364). The limitation on the award of fees of expert witnesses to the statutory amount has been the consistent policy of the courts of this State (see *Mark v City of Buffalo,* 87 NY 184, 189; *Matter of Bender,* 86 Hun 570, 572-573; *People ex rel. Envoy Apts. v Miller,* 165 Misc 943, 945, affd 255 App Div 972, mot for rearg den 256 App Div 807). Recognizing the unavailability of fees of expert witnesses above the statutory amount pursuant to CPLR 8301 (subd [a], par 1), plaintiffs contend they are entitled to such fees under CPLR 8301 (subd [a], par 12; subd [d]) and CPLR 8303 (subd [a], par 2). We reject each of these contentions. CPLR 8301 (subd [a], par 12) authorizes a party awarded costs to tax his necessary disbursements for "reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court." Neither statutory authority nor the course or practice of our courts permits an award of an expert witness fee in excess of the statutory amount specified in CPLR 8001 (subd [a]) (see *Cooper v Dubow,* 41 AD2d 843, 844, mot for lv to app den 33 NY2d 517). We do not believe that this case was an appropriate one for the award of expert witness fees by "order of the court" (see *id.;* cf. *Janusz v Fallon,* 61 Misc 2d 608). CPLR 8301 (subd [d]), which allows taxation of the reasonable and necessary amount actually spent for "a service performed, other than a search", has been held not to encompass the fee of an expert witness (see *Kiev v Seligman & Latz of Binghamton,* 47 Misc 2d 364, *supra;* cf. *Hempstead Bank v Ryan,* 42 AD2d 779). Finally, we find inapplicable CPLR 8303 (subd [a], par 2), which allows the court in the exercise of its discretion, to award to any party, in "a difficult or extraordinary case, where a defense has been interposed, a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter involved, and not exceeding the sum of three thousand dollars". Plaintiffs failed to show that the case at bar was in any way difficult or extraordinary, and CPLR 8303 (subd [a], par 2) does not apply in an ordi-

nary negligence action (see *McGrath v Irving,* 24 AD2d 236, 239, mot for lv to app den 17 NY2d 419). Accordingly, we remit this action to Trial Term for amendment of the portion of the judgment appealed from, to allow, as fees for the expert witnesses, only those amounts authorized by CPLR 8001 (subd [a]), plus interest thereon. Gibbons, J.P., Rabin, Gulotta and Margett, JJ., concur.