## (January 16, 1984)

■ ALLIED EXCAVATING CORP. et al., Appellants, v GRAVES EQUIPMENT COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. NORMAN LIPACK et al., Third-Party Defendants. — In an action to recover damages for breach of contract and breach of warranty, plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Isseks, J.), dated March 18, 1982, which dismissed the complaint for lack of personal jurisdiction; and (2) a resettled judgment of the same court (Green, J.), dated July 26, 1982, which awarded defendant costs and disbursements in the sum of $3,126.36. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Resettled judgment modified, on the law, by deleting the award of costs and disbursements to defendant at Special Term. As so modified, resettled judgment affirmed, without costs or disbursements, and matter remitted

to Special Term for entry of an appropriate amended judgment consistent herewith. Any posttrial recovery of disbursements is dependent on statutory authorization (*Marcus v New York City Housing Auth.*, 80 AD2d 844). CPLR 8301 (subd [a], par 1) authorizes a party who is awarded costs to tax "the legal fees of witnesses" as prescribed by CPLR 8001 (subd [a]) (*Marcus v New York City Housing Auth., supra*). The prevailing party also may tax its "reasonable and necessary expenses" according to the court's practice, by express provision of law or by court order (CPLR 8301, subd [a], par 12). Absent special circumstances, it has never been the practice of our courts to award disbursements for the meals, lodging, car rental and airfare of a prevailing party's deposition and trial witnesses (see *Equitable Life Assur. Soc. v Hughes*, 125 NY 106; *Elliott v E.T. Inds.*, 88 Misc 2d 942; *Italian Pubs. v Belli*, 47 Misc 2d 862). For example, travel expenses of a party and material witnesses may be taxed where there is a preliminary court order compelling an out-of-State deposition and providing for reimbursement to the prevailing party (see *Srybnik v P & F Inds.*, 78 AD2d 628). Additionally, where the losing party pursues a baseless claim or unnecessarily delays resolution of the action, certain disbursements may be taxed which are not statutorily authorized (see *Deere Co. v Cerone Equip. Co.*, 27 NY2d 926). Defendant did not establish that plaintiffs' primary claim was baseless or that plaintiffs unnecessarily delayed resolution of the action. Therefore, where, as here, defendant's witnesses voluntarily attended the pretrial deposition and the hearing, defendant is entitled only to statutory legal fees and mileage fees. Defendant must bear the costs of its witnesses' travel expenses as reasonable and necessary costs incurred in doing business (*Elliott v E.T. Inds., supra*). Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.