OPINION OF THE COURT
Peter Dounias, J.
Plaintiffs-petitioners in this third-party action have moved for an apportionment, pursuant to subdivision 1 of section 29 of the Workers’ Compensation Law, between plaintiffs and the compensation carrier, Suffolk County, of the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting the settlement of $50,000. The respondent compensation carrier opposes the motion in part.
Subdivision 1 of section 29 of the Workers’ Compensation Law provides that the compensation carrier shall have a lien on the proceeds of any third-party recovery to the extent of the total amount of compensation awarded and medical expenses paid. The respondent carrier in this *575 matter asserts a combined lien for disability payments and medical payments against the third-party settlement in the sum of $24,222.79.
Petitioners contend that the rule for and the method of apportionment of attorneys’ fees and reasonable and necessary expenditures as set forth by the Court of Appeals in Matter of Kelly v State Ins. Fund (60 NY2d 131) should be applied in this case and that the carrier’s lien be reduced accordingly. The respondent acknowledges a responsibility to contribute to the costs incurred in effecting the settlement, both as to past compensation payments and future compensation liabilities extinguished, but disagrees with the petitioners’ interpretation of the Court of Appeals decision in Matter of Kelly. The respondent further contends that the matter should have been brought before the Workers’ Compensation Board for determination of the deficiency compensation and thereby the carrier’s future liability and that this court should only reduce the lien with respect to compensation payments already made. For the reasons set forth below, this court is unable to adopt the position of either party.
METHOD OF APPORTIONMENT
By the statements made and the calculations submitted in their respective affidavits, both parties have presented this matter as a deficiency compensation case, that is, one in which the employee’s third-party recovery is less than her statutory entitlement to compensation. In such a case, the compensation carrier must award compensation for the deficiency between the amount of the third-party recovery actually collected (that is, recovery less litigation costs) by the employee and the compensation provided or estimated under the Workers’ Compensation Law. (See Matter of Kelly v State Ins. Fund, 60 NY2d 131, 138-139, supra; Matter of Curtin v City of New York, 287 NY 338, 340-344; Workers’ Compensation Law, § 29, subd 4.)
In supporting its conclusion that the purpose of the 1975 amendment to subdivision 1 of section 29 of the Workers’ Compensation Law is best served by an allocation formula that takes into consideration the total benefit, both past and future, a carrier receives from an employee’s third-party recovery, the Court of Appeals in Matter of Kelly *576 drew comparisons to and carefully set forth the law governing deficiency compensation cases (60 NY2d 131, 138-139, supra). By the construction of subdivision 4 of section 29 of the Workers’ Compensation Law that the carrier’s responsibility to make payments is reduced only by the amount “actually collected” by claimant, the carrier thereby assumes the entire cost of obtaining a recovery. (Matter of Curtin v City of New York, 287 NY 338, 340-344, supra.) This rule is based on the principle that when one person incurs expenses in creating a fund which inures to the benefit of another he should be reimbursed from that fund for the expenses so incurred {supra, at p 343). In the deficiency situation, the proceeds inure only to the benefit of the compensation carrier as it relieves the carrier, for a time from paying regular compensation benefits. The employee received no real benefit because he has not received anything that would not otherwise have been forthcoming had the third-party action never been brought. (Matter of Kelly v State Ins. Fund, 60 NY2d 131,139; accord O'Connor v Lee Hy Paving Corp., 480 F Supp 716, 722 [EDNY]; Matter of Di Meglio v Hartford Ins. Co., 116 Misc 2d 191, 198; Matter of Joosten, 103 Misc 2d 140, 148.)
As the case at bar presents a deficiency compensation case and as the law governing such cases has not been altered by the Court of Appeals ruling in Matter of Kelly {supra), this court finds that 100% of the reasonable and necessary expenditures including attorneys’ fees shall be apportioned against the compensation carrier, for the carrier has derived the full relative benefit of the third-party recovery.
As noted previously, respondent contends that this matter should have been brought before the Workers’ Compensation Board for a determination of the value of future compensation and thereby, the value of deficiency compensation for which the carrier will be responsible. The court agrees with respondent that such valuations are within the authority of the Workers’ Compensation Board. (Matter of Petterson v Daystrom Corp., 17 NY2d 32, 40; Matter of Bruce v Westinghouse Elec. Corp., 36 AD2d 886, 887; Workers’ Compensation Law, § 29, subd 4.) The court cannot agree, however, that any such valuation by the Board *577 would affect the court’s present ruling. Both parties have presented this matter as a deficiency compensation case and it is the fact of deficiency compensation and not the value of deficiency compensation which has led this court to apply the law of deficiency compensation cases that the compensation carrier bear the full cost of obtaining a recovery.
APPORTIONMENT
Petitioners claim $16,666.67 in attorneys’ fees. The third-party action was settled for $50,000. Therefore, the figure for attorneys’ fees represents one third of the recovery. As this fee comports with the fees allowed in personal injury actions under subdivision (e) of section 691.20 of the Rules of the Appellate Division, Second Department (22 NYCRR), the court finds the sum to be reasonable. The full amount of $16,666.67, therefore, will be included among the expenditures to be apportioned against the compensation carrier.
Petitioners claim $1,153.58 in disbursements and an additional $1,306.35 in travel expenses. To determine which expenditures incurred in effecting the recovery were reasonable and necessary, for the purpose of apportionment, the court looked to CPLR 8301 and 8303. Most of the disbursements itemized by petitioners fall within the taxable disbursements permitted by CPLR 8301 (subd [a]) and will therefore be included among the apportioned expenditures. Three disbursements, however, will not be so included. Two represent charges from county lawyers’ services, totaling $75.50. As attorneys’ fees have already been included in the expenditures to be apportioned, in this instance, it would be inequitable to assess further fees for attorneys’ services against the carrier’s lien. The third disbursement not to be included among apportioned expenditures is $500 for an expert witness fee. CPLR 8301 authorizing a party who is awarded costs to tax the legal fees of witnesses applies to fees for expert as well as lay witnesses. (Marcus v New York City Housing Auth., 80 AD2d 844, 845.) In an ordinary negligence action to recover damages for personal injures, plaintiff is not entitled to an award of expert witness fees over and above those provided by CPLR 8001. (Marcus v New York City Housing *578 Auth., supra.) Expert witness fees are not recoverable under the discretionary provisions of CPLR 8301 and 8303 absent extraordinary circumstances. (Matter of Board of Educ. v Ambach, 90 AD2d 227, 242.) The petitioners in the case at bar have demonstrated no such extraordinary circumstances.
Petitioners moved to Texas before the third-party action came on for trial. Due to an adjournment at the request of defendant, Town of Huntington, the petitioners had to make two round trips between Texas and New York in order to prosecute this action. As a result, petitioners claim $1,306.35 in travel expenses for gasoline, food and lodging. These travel expenses will not be included among the expenditures to be apportioned. Any posttrial recovery of disbursements is dependent on statutory authorization. (Marcus v New York City Housing Auth., 80 AD2d 844, supra.) There is no such statutory authorization for travel expenses of parties. Parties are not allowed witness fees for themselves as traveling expenses from another State. (Stores v McLaughlin, 275 App Div 612, 615.) Further, given that the posture of this matter is the apportionment of reasonable and necessary expenditures incurred in effecting the recovery between the plaintiffs-petitioners and the compensation carrier, the court does not find this to be a proper case for the exercise of its discretionary power under CPLR 8301 (subd [a], par 12) and, therefore, will not allow petitioners’ travel expenses to be included among the expenditures to be apportioned. Therefore, $578.08 of the claimed disbursements will be allowed and fully apportioned against the compensation carrier.
Accordingly, of the $19,126.60 in attorneys! fees and disbursements claimed by petitioners, $17,244.75 will be allowed and fully apportioned against the compensation carrier. The respondent carrier’s lien of $24,222.79 will be offset by this sum of $17,244.75, thereby leaving a sum of $6,978.04 to be paid to Suffolk County, the workers’ compensation carrier.