Hon. Roderick Chu President State Tax Commission
Your counsel has requested an opinion with regard to the liability of the Department of Taxation and Finance to pay banks for copies of their records furnished to the Department pursuant to subpoena. According to his letter, several banks, in complying with Department subpoenas, have demanded payment for the time spent by their employees in finding and copying records. The questions is whether payment for time spent in this way is required.
There are several provisions in New York's Tax Law which authorize the Tax Commission to issue subpoenas requiring testimony or the production of records (Tax Law, §§ 174, 509.9, 697[b], 1096[b] and 1143). Section 174 provides, in relevant part as follows:
 "The commission shall have power to subpoena and require the attendance of witnesses and the production of books, papers and documents pertinent to the investigations and inquiries which it is authorized to conduct, and to examine them in relation to any matter which it has power to investigate and to issue commissions for the examination of witnesses who are out of the state or unable to attend before the tax commission or excused from attendance. A subpoena issued under this section shall be regulated by the civil practice law and rules."
Article 23 of the CPLR provides for the issuance of, compliance with and enforcement of subpoenas. Subpoenas issued by governmental agencies such as the Department of Taxation and Finance are governed by section 2305:
 "Whenever by statute any department or agency of government, or officer thereof, is authorized to issue a subpoena requiring the production of books, records, documents or papers, the issuing party shall have the right to the possession of such material for a period of time, and on terms and conditions, as may reasonably be required for the inspection, examination or audit of the material."
This section recognizes that many businesses need their records on a daily basis. For this reason, original records can only be kept by the issuing agency for a reasonable time. Specific standards of reasonableness are set forth in CPLR § 2305(c).
The amounts recoverable for costs incurred in responding to subpoenas, including reproduction costs, are set by statute. CPLR §8001 allows a witness fee of two dollars per day, in addition to travel expenses of eight cents per mile, for persons whose attendance is required by subpoena. It is generally recognized that the fee is a token one, not meant to compensate a witness fully for lost work time (McKinney's, CPLR § 8001, "Legislative Studies and Reports"). The two dollar limit also applies to expert witnesses whose witness fee may be substantially greater (Marcus v New York City HousingAuthority, 80 A.D.2d 844 [1st Dept, 1981]). In addition to the witness fee, section 8001 also sets the amount of recovery for reproduction expenses:
 "Whenever the preparation of a transcript of records is required in order to comply with a subpoena, the person subpoenaed shall receive an additional fee of ten cents per folio upon demand" (CPLR § 8001[c]).
There is no provision for additional payment corresponding to the salaries of the employees who searched for and copied the subpoenaed records. Although ten cents per folio may not seem adequate to compensate fully a party for copies of records that require hours of worktime to locate and reproduce, as we have already seen with regard to witness fees, the expenses recoverable under the statute are not meant to compensate fully the complying party. Furthermore, compliance with a subpoena is not a voluntary act for which a party has a right to be compensated. Rather, a subpoena is a direction of a court, or an officer of a court to produce testimony or materials (CPLR §2302). Failure to comply with a subpoena is punishable by contempt and contempt-like sanctions (id., § 2308).
Accordingly, we conclude that payment for time spent by persons in finding and photocopying subpoenaed documents is not recoverable from the party issuing the subpoena.