The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, Arkansas 72212-2413
Dear Representative Collier:
This is in response to your request for an opinion concerning the Newark School District's receipt of tax revenue from the successful completion of two court cases. Specifically, the correspondence attached to your request indicates that the district, in one case, received tax revenues in 1991 which had been placed in escrow pending outcome of litigation, and which were attributable to tax years 1988, 1989, and 1990. In the other case, the district, after a favorable court ruling, issued supplemental tax statements to taxpayers, for tax years 1987, 1988, and 1989, and received the funds through tax payments between June 10, 1990 and July 1, 1991.
Your question with regard to these facts is "whether the funds at issue should be counted as `gross current revenues' for (a) the year(s) in which the taxes should have been collected or paid to the district or (b) the year of the actual receipt of the funds by the district."
The statutes do not provide a definitive answer to this question, and it is my opinion that a court could decide the issue either way. For the reasons that follow, however, it is my opinion that the funds should be credited in the year of their actual receipt by the district.
"Gross current revenue" is a phrase defined at A.C.A. § 6-20-307(c)(1) (Cum. Supp. 1991). This statute requires school districts to pay, for each school year, seventy percent of "net current revenue" to the certified personnel of the district. The statute defines "gross current revenue" and then sets out which items may be deducted to arrive at the "net current revenue" figure. "Gross current revenue" is defined as including:
 (A) All property taxes actually collected including the forty percent (40%) pullback, delinquent taxes, excess commissions, and land redemption;
 (B) Revenue from any local government or in lieu of tax donations;
 (C) Tuition from all sources . . . [etc.] [Emphasis added.]
The emphasized language above referring to property taxes "actually collected" was added by Act 819 of 1987 which implemented a graduated declining percentage of "accrued property taxes" in the definition of "gross current revenue." See A.C.A. § 6-20-307(n) (Cum. Supp. 1991). It appears that the phrase "actually collected" was thus originally intended to distinguish taxes which had been "collected" from those which had only "accrued." Act 401 of 1991, however, which amended § 6-20-307(c) to its current form, does not mention any "accrued taxes," but retains the language "all property taxes actually collected." In my opinion, this language can be construed to require that tax monies be credited in the year in which they are "actually collected" by the school district; meaning the year of receipt.
The phrase "actually collected" was defined in Andrews v.Jenkins, 176 Ark. 809, 4 S.W.2d 11 (1928) as including only those sums actually received and paid. See also Owens v. Townof Huntington, 479 N.Y.S.2d 642, 125 Mics.2d 574 (1984) andLowry v. Department of Labor and Industries, 21 Wash.2d 538,151 P.2d 822 (1944).
In addition, the phrase "actually collected" must be given effect and will not be presumed superfluous. See Locke v. Cook,245 Ark. 787, 434 S.W.2d 598 (1968) (holding that statutes should be construed so that no word is void, superfluous or insignificant, and meaning and effect must be given to every word contained therein, if possible).
For these reasons, it is my opinion that the funds received from escrow, and the funds representing subsequent years which were not billed or collected until later years should be counted as "gross current revenue" in the year in which they are actually received by the school district.
To the extent this conclusion results in an artificial one-time increase in "net current revenue" for purposes of the requirement that certified personnel in the district receive 56% of any increase of "net current revenue" from one year to the next (see A.C.A. § 6-20-319(4)(A)) the district may apply to the Department of Education for an exemption from the 56% requirement. A.C.A. §6-20-319(4)(C).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
ELC:WB/cyh