*579 OPINION OF THE COURT
John W. Sweeny, J.
This is an application pursuant to the provisions of subdivision 1 of section 29 of the Workers’ Compensation Law for an order apportioning "the reasonable and necessary expenditures, including attorney’s fees,” incurred by the plaintiff in effecting a recovery in this third-party action.
Plaintiff was allegedly injured on the defendant’s property while in the course of his employment on November 15, 1973. Since the accident, he has been receiving $80 per week workers’ compensation benefits from the respondent, Utica Mutual Insurance Co. The approximate outstanding lien to date for compensation payments is $20,402.
During the course of this third-party action, the plaintiff initially entered a judgment against defendant for $54,415.30 on a jury verdict rendered on May 27, 1977. The judgment was subsequently set aside on appeal and a new trial directed. Plaintiff’s counsel was able to negotiate a settlement of $75,-000 on October 16, 1978 after a jury had been picked for the retrial of this very tenuous liability action.
It should be noted that the respondent compensation carrier steadfastly refused to agree to any meaningful compromise of its lien at either trial, although it was or should have been aware, especially after the first trial, of plaintiff’s extremely poor liability posture.
Considering the length of the first trial, the subsequent appeal, the incidental motion practice and the very favorable settlement obtained by counsel, no serious argument can be made that the standard one-third retainer for counsel fees is not reasonable in this case. The only issue between this employee and the compensation carrier is the apportionment of the $25,000 attorney’s fees.
Plaintiff suggests that Utica Mutual’s entire $20,402 lien be set aside as its portion of attorney’s fees and expenses incurred procuring this $75,000 settlement. Utica Mutual, which came close to obstructing plaintiff’s ability to recover a substantial verdict, acknowledges its obligation to pay one-third attorney’s fees based only on the amount of its lien for past compensation payments.
The provisions of subdivision 1 of section 29 of the Workers’ Compensation Law give the courts discretion to "equitably” apportion the expenses incurred by the plaintiff in light of the *580 relative benefits received by the plaintiff employee and the employer’s compensation carrier. No rigid statutory formula was established by the Legislature in order to permit the courts the necessary flexibility required to dispose of each case on its own facts.
It is conceded by the carrier that based on plaintiff’s life expectancy, the "probable total amount” of its compensation obligation calculated on weekly payments of $80 would exceed the amount of this settlement. If Utica Mutual had been forced to exercise its subrogation rights under subdivision 2 of section 29 after payment of attorney’s fees, it would have been entitled to estimate and deduct from the settlement, as a benefit to itself, the total amount of future periodic payments it owed to plaintiff. Subdivision 1 also provides that the estimated future compensation shall be "deemed for the benefit of such * * * carrier.”
As a practical matter in this case, the carrier’s future obligation to the plaintiff has been diminished, if not completely satisfied by this settlement agreement (Workers’ Compensation Law, § 29, subd 4). By virtue of the wording of the enactment itself, the respondent carrier is deemed benefited in an amount at least equal to the amount of the full settlement. Therefore, since the full amount of this settlement inures to the benefit of the carrier, it should bear the attorney’s fees for the full amount of the settlement.
The carrier protests that such a result creates a windfall for the plaintiff, who it alleges will pay no attorney’s fees. However, it does not appear to this court that the plaintiff is receiving anything more than what he would have been entitled to in the future from the carrier if he had not commenced this action. The suggestion that an injured employee should pay attorney’s fees on a settlement which he had procured and which is deemed by statute totally for the benefit of the compensation carrier is rejected by the court.
It would be an inequitable anomaly if subdivision 1 of section 29 is interpreted so as to place the burden on an employee for attorney’s fees due on amounts deemed recovered by him for the benefit of a compensation carrier when subdivision 2 of the enactment explicitly authorizes a one-third deduction (presumably for attorney’s fees incurred by the compensation carrier) from any excess recovery obtained by the carrier for the benefit of the employee.
Therefore, plaintiff’s motion is granted to the extent that *581 the court apportions all attorney’s fees against the respondent and accordingly vacates the entire amount of its lien.