OPINION OF THE COURT
James F. Niehoff, J.
On February 24, 1976 the petitioner Joseph M. Joosten, while acting in the course of his employment, was operating his motor vehicle in the southbound lanes of Jerusalem Avenue in Hicksville, New York. At the same time, Joan Fagan was traveling in a northbound direction on Jerusalem Avenue when a vehicle owned by Carmine Annunziato and driven by Catherine Annunziato exited from a shopping center on the west side of the street, entered the northbound lanes of Jerusalem Avenue, and struck the Fagan vehicle. The Fagan vehicle then went out of control, continued north on Jerusalem Avenue, crossed a grassy median, entered the southbound lanes and ultimately struck the Joosten automobile.
Mr. Joosten, who was 35 years of age at the time of the accident and married to Barbara L. Joosten, sustained a massive closed head injury in the nature of a fracture and was unconscious for many weeks following the initial trauma as a result of which he sustained diffuse brain damage. Following his discharge from the Nassau County Medical Center, Mr. Joosten’s mental condition was such that his behavior could best be described as infantile, his general fund of information was severely reduced, and he has a barely functional left eye. There is no question but that his disability is total and permanent.
Inasmuch as the petitioner was injured during the course of *142 his employment, he was entitled to and did collect workers’ compensation benefits in the amount of $87,677.09, which payments are still continuing and which will in time result in a workers’ compensation deficiency. The lien of the compensation carrier, the St. Paul Fire and Marine Insurance Company (St. Paul), remains unpaid to date.
It should be noted that Mr. Joosten had purchased extra no-fault insurance coverage from Valley Forge Insurancé Company which provided for maximum potential benefits in the amount of $150,000.
An action was begun on behalf of Joseph M. Joosten and Barbara L. Joosten as plaintiffs against Catherine Annunziato, Carmine Annunziato and Joan Fagan, as defendants, which resulted in an offer of settlement from both of the liability insurance companies involved for the limits of their respective policies, namely, $100,000 each.
At the time the offer of settlement was made it was agreed before the Justice then sitting in Trial Term, Part 1, that $160,000 of the $200,000 settlement would be allocated to Joseph Joosten on his cause of action and that $40,000 would be allocated to Barbara Joosten on her cause of action for loss of services and that it would be the Joostens’ obligation to satisfy the existing workers’ compensation lien out of the settlement. At the same time, the parties agreed that a Justice of this court would decide the rights of the plaintiff, Joseph M. Joosten, under section 29 of the Workers’ Compensation Law, and his attorneys, Crowe, McCoy, Agoglia, Fogarty and Zweibel, P. C., for reasonable counsel fees in recovering the workers’ compensation lien heretofore asserted by St. Paul Fire and Marine Insurance Company.
Thereafter, the petitioners Joseph M. Joosten and Barbara L. Joosten, brought on a formal petition for an order (1) permitting the petitioners to compromise and settle this action and (2) fixing the amount of the liens, if any, due to the workers’ compensation carrier and/or the no-fault carrier.
By short form order dated September 11, 1979, Mr. Justice Howard E. Levitt referred this matter to Special Term, Part II, of this court for hearing and determination. Ultimately the matter was referred to this court for determination. In the papers submitted and by later stipulation, the parties agreed to the operative facts set forth above and requested that this court render a decision based thereon.
The petitioners contend that St. Paul, the workers’ *143 compensation carrier, must pay its equitable share of attorneys’ fees as provided in subdivision 1 of section 29 of the Workers’ Compensation Law.
The respondent St. Paul claims that it is entitled to full satisfaction of its lien out of the proceeds of the no-fault insurance policy without sharing in the expenses incurred by the petitioners in bringing about the settlement with the third-party tort-feasors. More specifically, the respondent claims that according to insurance regulations, the petitioner should be directed to execute an assignment to it so that as the workers’ compensation carrier it may seek direct reimbursement from the carrier liable for the first-party benefits under the no-fault law (Valley Forge Insurance Company). Under such a direct reimbursement procedure, there would be no apportionment of attorneys’ fees since no fees would be earned by the petitioners’ attorneys with respect to St. Paul’s lien.
The insurance regulations upon which the respondent relies are 11 NYCRR 65.6 (p) (5) and 11 NYCRR 65.15 (p) (5).
The latter section, 11 NYCRR 65.15, is entitled "Claims for personal injury protection benefits — accidents on and after December 1, 1977”. Inasmuch as the accident herein occurred on February 24, 1976 that section is not applicable to this matter and need not be considered.
The former section, 11 NYCRR 65.6, is entitled "Claims for personal injury protection benefits — accidents prior to December 1, 1977” and is applicable herein. Section 65.6 (p) thereof is entitled "Offsets” and paragraph (5) of that subdivision is entitled "Workers’ compensation liens — Reimbursement of section 671(2) (b) offset.”
Section 65.6 (p) (5) was enacted to implement the holding of the Court of Appeals in Grello v Daszykowski (44 NY2d 894) to the effect that the no-fault carrier must bear the loss once a compensation carrier executes on its lien. The insurance regulation sets forth two procedures for reimbursement of the workers’ compensation carrier by the no-fault carrier.
The first procedure applies to situations where there is a third-party action brought by a claimant or by his workers’ compensation carrier as assignee. Under that procedure, when the lien of the provider of workers’ compensation benefits has been satisfied out of the proceeds of any recovery obtained by or on behalf of a claimant against a third-party tort-feasor, upon the submission of proof of satisfaction of the lien, the no- *144 fault insurer must make the claimant whole with respect to first-party benefits for items of basic economic loss not recoverable in an action (11 NYCRR 65.6 [p] [5] [ii]) for which the no-fault carrier has received its deduction pursuant to section 671 (subd 2, par [b]) of the Insurance Law.
The second procedure applies to situations where the claimant assigns his payment right to the workers’ compensation provider and is set forth as follows: "(iii) In lieu of the procedure set forth in subparagraph (ii) of this paragraph, subject to acceptance by the workers’ compensation provider, the claimant may assign the payment right to the workers’ compensation provider as an alternative to the workers’ compensation provider obtaining satisfaction of its lien directly from the claimant’s recovery. The assignment shall be effective only if there has been a recovery made pursuant to section 673(1) of the Insurance Law. The maximum obligation of the no-fault insurer shall be limited to the amount of the lien which would have been satisfied out of the recovery, but for the assignment, and shall in no event, exceed the amount of the offset taken by the no-fault insurer under section 671(2) (b) of the Insurance Law. The no-fault insurer shall honor such assignment by paying first-party benefits directly to the workers’ compensation provider for appropriate credit toward satisfaction of its lien.” (11 NYCRR 65.6 [p] [5] [iii].)
As noted above, the respondent St. Paul contends that the insurance regulations should be read to allow the petitioners to recover the full proceeds of the third-party action on condition that they execute and deliver to the compensation carrier an assignment of their rights to payment from the no-fault carrier.
In effect, the respondent maintains that the first procedure set forth in the insurance regulations applies only if the workers’ compensation lien has been satisfied, whereas the second or alternate procedure applies if the lien has not been satisfied. That is, if the lien has been satisfied out of the recovery then the claimant turns to his no-fault carrier for reimbursement. On the other hand, if the lien has not been satisfied, the claimant must execute an assignment to his workers’ compensation carrier which in turn obtains reimbursement directly from the no-fault carrier and incurs no obligation to pay attorneys’ fees.
The court does not accept the interpretation of the insurance regulations advanced by St. Paul. In the opinion of the *145 court, 11 NYCRR 65.6 (p) (5) (iii) affords the claimant an option of having his workers’ compensation carrier obtain payment directly from his no-fault carrier instead of from the claimant’s recovery in his third-party action. In a word, the court holds that the alternative procedure set forth in clause (iii) is a permissive one and is not mandatory upon a claimant.
While it is true that under the circumstances of the case at bar it might be simpler to give the petitioners the full proceeds of the settlement and then let the carriers deal directly with each other, the utilization of the first procedure set forth above which requires the claimant to serve his no-fault carrier with proof of satisfaction of the workers’ compensation lien with the no-fault carrier then reimbursing him for the amount of the lien is not unduly burdensome.
However that may be, even if the former procedure is a bit more complex, the court holds that it is within the province of the claimant to decide whether or not he will avail himself thereof. That being so, it is the decision of the court that the matter before it shall be settled and compromised pursuant to the procedures outlined in 11 NYCRR 65.6 (p) (5) (ii) and that the respondent must bear its fair share of expenses and attorneys’ fees payable under subdivision 1 of section 29 of the Workers’ Compensation Law.
The court at Trial Term, Part I, tentatively approved the settlement involved herein and this court, also finding the settlement to be a fair one, now authorizes the petitioners to settle the case upon the terms stipulated to before Trial Term, Part I.
One final note on this subject of the compensation carrier’s obligation to bear attorneys’ fees. The no-fault insurance policy (in this case an excess policy) albeit required by statute, is purchased and paid for by the injured insured for his protection and for the protection of the passengers in his automobile. It is not purchased for the benefit of the insured’s workers’ compensation carrier, life insurance carrier or by any other insurance carrier. If Mr. Joosten had been injured by the defendants while he was a pedestrian, or if he were injured in the course of his employment while not operating his motor vehicle, or even if he had only the minimum no-fault coverage required by law, the respondent St. Paul would be hard pressed to deny that they owed a beneficial share of expenses and attorneys’ fees under subdivision 1 of section 29 of the Workers’ Compensation Law. (See Becker v Huss Co., *146 43 NY2d 527.) Indeed, a contrary ruling herein would frustrate the intent of the no-fault law which is, after all, to make the injured party whole.
Having decided that the workers’ compensation carrier is obligated to pay its share of expenses and attorneys’ fees the court must next determine what that share shall be.
By written stipulation dated November 5, 1979 the parties agreed that because of the grave nature of the injuries sustained by Joseph M. Joosten, there will necessarily be a compensation deficiency. Because of that fact and because the compensation carrier is relieved from making any payments up to the amount of the third-party recovery, the petitioners contend that the respondent St. Paul should bear the full amount of the attorneys’ fees incurred in the third-party recovery. The petitioners’ reasoning is premised upon the fact that the greater the amount that Mr. Joosten receives out of the settlement moneys now, the longer he will remain off workers’ compensation which fact is obviously to the benefit of the respondent compensation carrier. In other words, the petitioners argue that due to the suspension of compensation payments under subdivision 4 of section 29 of the Workers’ Compensation Law the compensation carrier is benefited in an amount equal to the amount of the full settlement and, so, should be held responsible for the entire expenses incurred in obtaining the same.
As pointed out above, the respondent denies any liability whatsoever for expenses or attorneys’ fees. For those reasons stated above, that contention has been rejected by this court. Accordingly, the court will consider petitioners’ argument that the carrier should bear responsibility for all expenses and fees incurred in obtaining the settlement.
In Castleberry v Hudson Val. Asphalt Corp. (97 Misc 2d 578, revd 70 AD2d 228), a case in which (like the present case) the amount of the compensation obligation was expected to exceed the amount of the settlement of the third-party action, Special Term adopted the argument advanced by the petitioners herein. The court wrote (97 Misc 2d at p 580):
"As a practical matter in this case, the carrier’s future obligation to the plaintiff has been diminished, if not completely satisfied by this settlement agreement (Workers’ Compensation Law, § 29, subd 4). By virtue of the wording of the enactment itself, the respondent carrier is deemed benefited in an amount at least equal to the amount of the full settlement. *147 Therefore, since the full amount of this settlement inures to the benefit of the carrier, it should bear the attorney’s fees for the full amount of the settlement.
"The carrier protests that such a result creates a windfall for the plaintiff, who it alleges will pay no attorney’s fees. However, it does not appear to this court that the plaintiff is receiving anything more than what he would have been entitled to in the future from the carrier if he had not commenced this action. The suggestion that an injured employee should pay attorney’s fees on a settlement which he had procured and which is deemed by statute totally for the benefit of the compensation carrier is rejected by the court.”
On appeal, the Appellate Division, Second Department, stated (70 AD2d at pp 229-230) that it had before it the question of "whether the compensation insurance carrier should ordinarily contribute only in proportion to its actual benefit derived from the recovery (i.e., the satisfaction of its lien) or whether attorneys’ fees should be assessed against it not only for the 'collection’ of its lien but also upon the theory that the employee’s portion of the recovery inures to its benefit by diminishing or extinguishing its liability for future payments to the employee”. A divided court then went on to hold that the workers’ compensation carrier’s equitable share of the attorneys’ fees was one third of the amount of its outstanding lien and reversed Special Term’s order which, as indicated, supra, had apportioned all of the attorneys’ fees against the compensation carrier and thereby vacated its lien in toto. The majority at the Appellate Division was careful to point out that it expressed no opinion as to the proper form of apportionment in a case where the excess of a third-party recovery over an outstanding lien plus attorneys’ fees is modest or nonexistent. As mentioned above, in Castleberry, as in the case at bar, it was agreed by the parties that the court was dealing with a deficiency situation, i.e., the probable future compensation obligation exceeds the amount of the settlement. The deficiency case inevitably imposes on the compensation carrier the full burden of the settlement expenses under subdivision 4 of section 29 of the Workers’ Compensation Law, no matter how the expenditures of recovery are handled. The determinant is the carrier’s total liability. In the deficiency case, in the end, the compensation carrier bears the whole cost of recovery because initially charging it in whole or part to the employee and so reducing *148 his actual recovery accelerates pro tanto the resumption of the carrier’s deficiency payment obligation. Stated otherwise, the Appellate Division appears to have concluded that inasmuch as the compensation carrier is required by the provisions of subdivision 4 of section 29 of the Workers’ Compensation Law to cover the deficiency between the amount of the third-party recovery actually collected by the injured party and the compensation due the claimant under the Workers’ Compensation Law, there is no necessity in such a situation to apportion attorneys’ fees against the carrier beyond its outstanding lien.
In his dissenting opinion, Mr. Justice Shapiro concluded that an insurer may be required to pay attorneys’ fees on its actual lien and on its potential liability which is extinguished by the settlement. In so concluding, Justice Shapiro voted to remit the matter to Special Term, for a new determination as to the present value of the carrier’s future liability.
More recently, in O’Connor v Lee Hy Paving Co. (480 F Supp 716), Judge John F. Dooling, Jr., agreed with the dissent of Mr. Justice Shapiro and held (p 722) that there was no reason why "the allocation of fees should not conform to the relative interests of the parties in the outcome of the case” and placed liability on the workers’ compensation carrier for that portion of a third-party judgment which freed it of any further compensation payments to the estate of a deceased employee. In that case, Judge Dooling calculated the present value of the benefits to be paid by the carrier based upon the life expectancies of the decedent worker’s widow and minor child and arrived at a figure of $140,000. Since the verdict in that case was in excess of $1,000,000 it is obvious that Judge Dooling was not faced with a compensation deficiency situation. Therefore, the holding of that case is not appropriate to the facts at bar.
In any event, this court is bound by the holding of the Appellate Division, Second Department, rather than that of the Federal District Court. Consequently, it appearing to the court that the facts in this matter are akin to those before the Appellate Division in Castleberry (97 Misc 2d 578, revd 70 AD2d 228, supra), it is the opinion of the court that the respondent compensation carrier should contribute to the payment of attorneys’ fees and expenses only in proportion to the actual benefit it derives from the recovery in satisfying its outstanding lien. It seems to the court that the standard one-third retainer for counsel fees is reasonable in this case and *149 that such fee should be apportioned among those benefiting from the attorneys’ services as aforesaid.
Thus, it is the decision of the court that an order shall be entered settling this action as follows:
(a) Pursuant to the stipulation of the parties 80% of the gross settlement ($160,000) shall be apportioned to Joseph M. Joosten and 20% of the gross settlement ($40,000) shall be apportioned to Barbara L. Joosten.
(b) The compensation carrier’s lien in the amount outstanding as of the date of the order to be entered herein shall have deducted therefrom attorneys’ fees in the amount of 33.33% of the net lien after deducting the pro rata share of the expenses attributable to the lien (e.g., if the lien is $90,000 its share will be 56.25% [90,000/160,000]) and shall be satisfied from the proceeds of the recovery.
(c) After deducting the compensation lien and the pro rata share of the expenses attributable to the recovery made on behalf of Joseph M. Joosten, (e.g., 44.75% based on the above example) attorneys’ fees shall be set in the amount of 33.33% of the net recovery with the balance being paid over to Joseph M. Joosten.
(d) From the gross amount of the settlement of Barbara L. Joosten, there shall be deducted 20% of the expenses chargeable to the settlement and attorneys’ fees shall be set in the amount of 33.33% of the net recovery with the balance being paid over to Barbara L. Joosten.*
*150 After obtaining proof from the respondent St. Paul to the effect that its lien is satisfied, Mr. Joosten can then present the same to his no-fault carrier for reimbursement of any liens deducted pursuant to the above formula.
In view of Mr. Joosten’s mental condition the court believes that a serious question is presented as to Mr. Joosten’s ability to manage his own funds. Hence, the court directs petitioner Barbara L. Joosten to make application to Special Term, Part 6, of this court for the appointment of a conservator within 20 days after the entry of the order to be entered herein and the order to be entered herein shall contain a direction to petitioner Barbara L. Joosten to make such application as aforesaid. If Mr. Justice Robert C. Meade who presides in that part determines that a conservator is necessary, one will be appointed to manage Mr. Joosten’s funds. Upon the assumption that a conservator will be appointed the court further directs that the order to be entered herein shall contain a direction to the effect that the settlement moneys presently being held by Emmet J. Agoglia, Esq., and Barbara L. Joosten pursuant to the direction of the Justice at Trial Term, Part I, shall not be distributed until further order of the court, which order presumably will be signed by Mr. Justice Meade.

 Assuming an outstanding lien of $90,000 and expenses of $600, the breakdown would be as follows:
Gross settlement $200,000.00
(A) Apportioned to Joseph M. Joosten 160,000.00
Less share of expenses 214.80
159,785.20
Less lien 90,000.00
69,785.20
Less attorneys’ fees 23,261.73
NET FROM THIRD PARTY ACTION TO JOSEPH M. JOOSTEN $ 46,523.47
(B) Apportioned to Barbara L. Joosten $ 40,000.00
Less share of expenses 120.00
39,880.00
Less attorneys’ fees 13,293.33
NET FROM THIRD PARTY ACTION TO BARBARA L. JOOSTEN $ 26,586.67
*150 (C) Gross amount of St. Paul’s lien $ 90,000.00
Less share of expenses 265.20
89,734.80
Less attorneys’ fees 29,911.60
NET TO WORKERS’ COMPENSATION CARRIER $ 59,823.20
TOTAL ATTORNEYS’ FEES PAID $ 66,466.66
TOTAL TO JOSEPH M. JOOSTEN AFTER
REIMBURSEMENT FROM NO-FAULT $136,523.47