OPINION OF THE COURT
Vincent G. Bradley, J.
In this CPLR article 78 proceeding, petitioner seeks an order of the court annulling respondents’ determination made *337 at the conclusion of a Tier III hearing at Eastern Correctional Facility on June 1, 1988. As a result of this hearing, petitioner was found guilty of attempted escape and three other charges. He received a penalty of five years’ confinement in SHU, five years’ loss of good time and five years’ loss of packages, etc. Petitioner contends that the hearing was defective because his due process rights under both the New York State and Federal Constitutions were violated when respondents refused to provide petitioner with a copy of his confession prior to the hearing.
Respondents argue that this claim is without merit because the petitioner failed to challenge the confession or present any other defense at the hearing. This court, however, based on the reasoning contained in Giano v Sullivan (709 F Supp 1209 [SD NY 1989]), finds that the determination must be annulled and remanded for a rehearing consistent with this decision. It is well established that an inmate has a constitutional right to present or use documentary evidence in his defense (Wolff v McDonnell, 418 US 539, 566). It is difficult to see how petitioner could present any challenge to the legal validity of his confession without being able to review it prior to the hearing. The fact that petitioner did not raise a defense to the confession is precisely because he was denied the means to do so.
Given the obviously fundamental character of this defect, harmless error analysis should not be applied here despite respondents’ argument that adequate evidence exists other than the confession to support the determination. Petitioner’s right to challenge his confession is obviously indispensable to the fairness of the hearing or trial (see, e.g., Payne v Arkansas, 356 US 560 [1958]; Johnstone v Kelly, 808 F2d 214, cert denied 482 US 928).
Finally, although respondents argue that this court is bound by the ruling of the Appellate Division rather than that of the Federal District Court (see, Matter of Joosten, 103 Misc 2d 140 [1980]), this is not true where, as here, a Federal question is presented (Central Sav. Bank v City of New York, 280 NY 9 [1939], cert denied 306 US 661; People v P. J. Video, 68 NY2d 296, 302 [1986]).
Accordingly, the petition is granted to the extent that the matter is remanded for rehearing consistent with this decision. Petitioner’s motion for disclosure is also granted.